**E.F. HUTTON & COMPANY, INC., Petitioner,**

v.

**John D. YOUNGBLOOD et ux., Respondents.**

No. C–5526.

Supreme Court of Texas.

Nov. 10, 1987.

On Rehearing Nov. 10, 1987.

Thomas T. Hutcheson and Andrew R. Harvin, Hutcheson & Grundy, Houston, Bruce L. Goldston, San Antonio, for petitioner.

Sam C. Bashara, San Antonio, for respondents.

PER CURIAM.

### OPINION ON MOTION FOR REHEARING

We grant in part the Youngbloods' motion for rehearing, withdraw our opinion and judgment delivered June 24, 1987, and substitute the following:

John D. Youngblood and his wife, after receiving erroneous tax and investment advice, sued E.F. Hutton & Company, Inc., under the Texas Securities Act (TSA), Tex. Rev.Civ.Stat.Ann. art. 581–1 *et seq.* (1987), the Deceptive Trade Practices Act (DTPA), Tex.Bus. & Comm.Code §§ 17.41 *et seq.* (Vernon Supp.1987), other statutes, and the common law. The trial court rendered judgment for the Youngbloods under the DTPA, and the court of appeals affirmed. 708 S.W.2d 865. A majority of this court affirms the judgment of the court of appeals insofar as it allows recovery of damages under the DTPA. However, we reverse and here render judgment that the Youngbloods are not entitled to recover attorney's fees.

 In answers to propounded interrogatories, Youngblood failed to designate an expert witness regarding the claim for "reasonable and necessary" attorney's fees recoverable under DTPA § 17.50(d). At trial, Youngblood's attorney called himself and one other attorney to testify. E.F. Hutton objected because neither had been identified as a prospective expert witness. The objection was overruled.

The identity of expert witnesses must be disclosed no later than thirty days prior to the beginning of trial. Tex.R.Civ. P. 166b(5). Failure to comply will result in exclusion of testimony unless the proferring party demonstrates good cause for its admission. Tex.R.Civ.P. 215(5).

The trial judge conducted a brief hearing on this issue, during which Youngblood's attorney offered two reasons why he had "inadvertently" failed to make an amendment to his answers to interrogatories. First, he stated he had only that day decided who would be called to testify; and second, he claimed that E.F. Hutton's attorney already had the special knowledge necessary to cross-examine the witnesses. Neither of these reasons constitutes good cause. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986); *Yeldell v. Holiday Hills Retirement & Nursing Center,* 701 S.W.2d 243, 246 (Tex.1986). Therefore, the trial court erred in failing to exclude this evidence. We hold the Youngbloods are not entitled to attorney's fees.

E.F. Hutton has also argued that the DTPA is inapplicable to securities transactions because of alleged inconsistencies between the TSA's "due diligence" defense and the liability provisions of the DTPA. However, E.F. Hutton never presented this argument to the trial court. Nor did E.F. Hutton make this argument in the court of appeals until its second motion for rehearing in that court. In these circumstances, error, if any, was waived.

We modify the judgment of the court of appeals so as to disallow recovery of attorney's fees by the Youngbloods. As modified, the judgment of the court of appeals is affirmed.