**Shirley FOSTER, Appellant,**

v.

**Nancy A. CUNNINGHAM and Troika, Incorporated, Appellees.**

No. 2–90–322–CV.

Court of Appeals of Texas, Fort Worth.

March 18, 1992.

Rehearing Overruled April 14, 1992.

L. Randall Yazbeck, Dallas, for appellant.

Vial, Hamilton, Koch & Knox, D. Bradley Dickinson and Robert B. Gilbreath, Dallas, for appellees.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Foster sued for personal injuries which she alleged she suffered when she stepped in a hole on property owned and managed by the appellees. The jury found there was not a hole that presented an unreasonable risk of harm and, based on that finding, the trial court entered a take-nothing judgment. On appeal, she complains the trial court erred in permitting the testimony of a witness whose correct address and telephone number were not furnished in response to discovery. We sustain this complaint, reverse the judgment, and remand the case for new trial.

In her first point, Foster complains of the testimony of a witness, Sherri Starks, who testified that there was not a hole on appellees' property like that described by Foster as the one which caused her injury. Foster contends the appellees had a duty to supplement discovery and provide her with

Starks' current address which appellees' attorney discovered five days before trial. Appellees deny that Foster made a proper discovery request which they were obligated to supplement and that the trial court did not abuse its discretion in permitting the witness to testify.

Foster deposed appellees' representative under subpoena requesting documents giving the names and addresses of former tenants. Appellees did not provide Foster with the requested documents at deposition and the following conversation took place:

> Foster's attorney: "What I'm really interested in also is how to locate them or visit with them."
>
> Deposition witness: "Oh, okay. I don't mind."
>
> Foster's attorney: "And so if that would be on the application or forwarding addresses or something like that—"
>
> Appellees' attorney: "If we have got them we'll provide them to you."

After deposition, appellees gave Foster Starks' name, address, and telephone number, but Foster's attorney was unable to locate Starks at that address and his calls to the number supplied were unanswered. Five days before trial appellees' attorney located Starks and in conversation with Foster's attorney, told him that he had talked with Starks but did not advise him of her new address.[1]

■ Appellees argue that Foster did not make a proper discovery request for the names and addresses of potential witnesses because the request was not by interrogatory. We disagree. Appellees understood Foster wanted the names and addresses of their former tenants. The authorities cited by the appellees do not preclude the use of depositions to obtain the same sort of information which could also be obtained by interrogatories, and unnecessary duplication of discovery should be discouraged.

■ Appellees argue the trial court did not abuse its discretion in permitting

Starks to testify because their attorney located her only five days before trial, later told Foster's attorney Starks would be called to testify, but Foster's attorney did not then request a current address or telephone number. We reject this argument because it is not the burden of the party requesting discovery to also request responses be supplemented. *See Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 672 (Tex.1990). Even inadvertent failure to supplement discovery is not good cause for failure to supplement. *Id.*

■ Appellees' argument that the trial court did not abuse its discretion fails because they did not demonstrate good cause for failing to supplement discovery. The Supreme Court has repeatedly held that the failure to disclose the identity and location of persons with relevant knowledge triggers the automatic sanction disallowing that witness to testify. *E.g., id.* at 671; *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 646 (Tex.1989). The burden is on the party calling the witness to show good cause for not supplementing an earlier response. TEX.R.CIV.P. 215(5). The minimum proof that will show good cause has not been defined; however, keeping in mind that a strict rule was adopted to end the practice of ignoring or evading discovery, we hold that the good cause exception is necessarily a narrow one requiring a showing of extraordinary circumstances. We hold the trial court's discretion in the matter is limited to situations where one could not, in good faith and due diligence, immediately respond, *see Clark*, 774 S.W.2d at 646, or where difficult or impossible circumstances prevented one from supplementing discovery. *See Alvarado v. Farah Mfg. Co.*, No. C–8405, 1992 WL 47037 *3, 1992 Tex. LEXIS 24, at 10 (Tex.March 11, 1992). While in this case the appellees' attorney found Starks only five days before trial does not establish good cause for failing to share her location with Foster's attorney because the record is conclusive that appel-

---

1. The witness testified she had moved seven times in the last year and had moved to her current address, where appellees' attorney located her, in the month preceding trial. Foster's attorney told the trial court he did not think appellees' attorney intentionally concealed this information.

lees' attorney had a convenient opportunity to share that information, but did not do so.

We also reject appellees' argument that the quoted conversation was ambiguous and invalid, thus, not an "enforceable discovery agreement," because this is not an instance of parties entering into a written agreement modifying ordinary discovery procedures. *See* TEX.R.CIV.P. 166c.

■ Starks was the only non-party witness to testify whether or not there was a hole on appellees' property like that described by Foster as the cause of her injury. The error in admitting Starks' testimony was reasonably calculated to cause and did cause rendition of an improper judgment. *See Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989). We sustain Foster's first point of error.

Because we have sustained her first point of error, it is unnecessary that we address her remaining point complaining that the jury finding was against the great weight and preponderance of the evidence.

The judgment of the trial court is reversed and the case is remanded for new trial.