Arnold T. SMITH, Petitioner,

v.

SOUTHWEST FEED YARDS,
Respondent.

No. D–1503.

Supreme Court of Texas.

June 24, 1992.

J. Christopher Byrd, Tulsa, Okl., for petitioner.

Rex W. Easterwood, Hereford, for respondent.

## OPINION

DOGGETT, Justice.

We consider whether an individual should be barred from testifying as a fact witness in his own defense because he in-

completely answered an adversary's interrogatory seeking discovery of potential witnesses. Under the circumstances of this case, we hold that his testimony should not be excluded.

Southwest Feed Yards, Ltd. sued Arnold T. Smith to recover upon an open account for custom feeding of his cattle. Smith personally answered interrogatories propounded to him by Southwest but failed to include his own name in response to one of these seeking disclosure of potential witnesses. In compliance with the pre-trial order, he did give notice of his intent to testify as a witness seven days before trial. When he later attempted to testify, Southwest objected on the ground that he was not listed among those named in response to its interrogatory seeking the identity of persons with knowledge of relevant facts. After sustaining this objection and denying Smith an opportunity to testify, the trial court entered judgment based upon a jury verdict for Southwest. The court of appeals affirmed. 811 S.W.2d 717.

In our system of justice, discovery plays a vital role to assure "that disputes [are] decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). A trial should be based upon the merits of the parties' claims and defenses rather than on an advantage obtained by one side through a surprise attack. Rule 166b(2)(d) of the Texas Rules of Civil Procedure specifically authorizes discovery "of any potential party and of persons having knowledge of relevant facts." Rule 215(5) mandates exclusion "of trial testimony of any [undisclosed] person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require

admission exist." In all eleven of the cases in which this court has considered the propriety of excluding witnesses not identified in answer to an appropriate interrogatory, we have determined that "good cause" to permit testimony did not exist.[1] In none of these decisions, however, was the excluded testimony that of an individual who was himself a party.

■ By filing a pleading, a party indicates at least a potential awareness of facts that bear on the merits of a claim or defense. We do not, however, accept Smith's contention that this distinction alone is decisive. Excluding every party from the identification authorized by Rule 166b(2)(d) would open a broad loophole encompassing every employee of an entity and every plaintiff in a large class action.[2] A party cannot disregard procedural rules and still insist upon an absolute right to testify in all circumstances. The importance attached to a party's ability to testify in his or her own behalf constitutes only an additional factor that a trial court must consider in making its good cause determination.

■ In initiating its action here, Southwest pleaded that Smith was an individual indebted to it. Among the nine interrogatories he answered thirteen months before trial were the following:

INTERROGATORY NO. 4: Describe in detail any conversations you have had with the Plaintiff or plaintiff's representative concerning this account.

ANSWER: 1. During October, 1988, I asked Wayne Chastain to discuss the account to straighten out the bill.

    2. The next conference was at lunch with Wayne Chastain after

**1.** *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911 (Tex.1992); *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669 (Tex.1990); *Rainbo Baking Co. v. Stafford,* 787 S.W.2d 41 (Tex.1990); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394 (Tex. 1989); *McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72 (Tex.1989); *Clark v. Trailways, Inc.,* 774 S.W.2d 644 (Tex.1989) cert. denied, 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990); *Boothe v. Hausler,* 766 S.W.2d 788 (Tex. 1989); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363 (Tex.1987); *Gutierrez v. Dallas Indep. Sch. Dist.,* 729 S.W.2d 691 (Tex.1987); *Mor-*

*row v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986); *Yeldell v. Holiday Hills Retirement and Nursing Ctr., Inc.,* 701 S.W.2d 243 (Tex.1985).

**2.** Sharing the dissent's concern that the exception we create today not undermine the purpose of the rule—to identify persons with knowledge of relevant facts sufficiently in advance of trial to permit discovery—today's holding does not extend to situations in which identity is not easily ascertainable.

receipt of demand letter. The conversation concerned my position which was well received. Mr. Chastain agreed to check out my explanation of the account.

INTERROGATORY NO. 5: State the name and address of each person, including experts, having any knowledge of relevant facts related to the account which is the basis of this suit.

ANSWER: 1. Bookkeeper, Pam McCormick, Hereford, Texas.

2. Manager, Wayne Chastain, Canyon, Texas.

Although he certainly should have included himself among those persons listed in response to No. 5, Smith provided an answer to No. 4 that demonstrated his personal knowledge of facts relevant to this lawsuit. In determining whether "good cause" exists to permit his testimony, the substance of his entire response should be considered, not just his incomplete reply to a single query.

■ Our consistent construction of "good cause" for purposes of Rule 215(5) has been designed to prevent trial by ambush, not to create a trap for the unwary. In no way has Southwest been ambushed. We believe that the substance of Smith's response to Southwest's discovery identified him as a potential trial witness. Accordingly, we hold that the trial court abused its discretion in denying him an opportunity to speak in his own defense.

In reaching this conclusion, we recognize the need for caution to avoid a loose interpretation of "good cause" under Rule 215(5) that would defeat the objective of full disclosure of potential witnesses sought in our prior opinions. Given the complexity of much modern discovery, Rule 166b(2)(d) can usually accomplish its objective only if all potential witnesses are fully identified in response to the standard "persons with knowledge of relevant facts" interrogatory. Permitting litigants to summon parties not so identified on the grounds that they were one among many deponents or had been indirectly referenced in some other interrogatory answer would only serve to reintroduce trial by ambush. It is for that reason that we said in *Sharp v. Broadway National Bank*, 784 S.W.2d 669, 671 (Tex.1990), that

A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory. Thus, even the fact that a witness has been fully deposed ... is not enough to show good cause for admitting the evidence where the witness was not identified in response to discovery.

This conclusion was reaffirmed in *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992).

■ Under the circumstances of the instant case, where the answer to another query in a single, short set of interrogatories plainly indicated that the individual responding had knowledge of relevant facts, the trial court abused its discretion by failing to find "good cause" to permit that party's testimony. In defining the scope of that discretion, we recognize the difficulties posed to a trial court in determining "good cause." Certainly a more obscure or indirect identification than that involved here could permit exclusion of a party witness. Additionally, the constraints of Rule 215(5) may permit testimony by a party who is an individual not listed in response to a Rule 166b(2)(d) interrogatory, when identity is certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least thirty (30) days in advance of trial. *Cf. Exocet Inc. v. Cordes*, 815 S.W.2d 350, 352–54 (Tex.App.—Austin 1991, no writ) (within trial court discretion to permit testimony by individual party not listed in response to interrogatory that was misleading and failed to conform with Rule 166(2)(d)).

■ In broadening the applicable considerations for determining good cause, we do not, as the dissent asserts, retreat in our commitment to fair discovery nor weaken the ability of the trial courts to sanction discovery abuse. Rather, we accord to the

trial court some discretion, when the ability of an individual party to testify is disputed, in deciding whether good cause has been shown.[3]

Pursuant to Tex.R.App.P. 170, we grant Smith's application for writ of error and without hearing oral argument, the judgment of the court of appeals is reversed and this cause is remanded to the trial court for a new trial consistent with this opinion.

GONZALEZ and HECHT, JJ., concur with concurring opinions.

CORNYN, J., dissents with opinion.

GONZALEZ, Justice, Concurring.

Under the circumstances of this case, I agree that the trial court abused its discretion in not allowing the defendant to testify at his own trial as a fact witness in support of his defense.

The Texas Rules of Civil Procedure provide that a witness, who is not identified in response to a discovery request, may not testify at trial, unless "the trial court finds that good cause sufficient to require admission exists." Tex.R.Civ.P. 215(5). This rule helps prevent "trials by ambush." See *Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). By requiring full disclosure of the issues and facts before trial, the rule permits parties to accurately assess the merits of their case. *Id.*[1] These salutary purposes thus promote the overall objective of the Rules of Civil Procedure, namely, that the rules exist "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Tex.R.Civ.P. 1.

Even a reasonable rule, however, can cause injustice if it is blindly applied without regard to the practical realities posed by the particular circumstances of varying procedural situations. That is why the Court preserved the good cause exception to the general requirement of witness disclosure. Tex.R.Civ.P. 215(5). As we said in *Gee*, "[s]trict interpretation of [prior cases] has caused application of the sanction [contained in Rule 215] to be mechanical, leaving no room for discretion. We therefore ... once again point out that the sanction of automatic exclusion of testimony of an undisclosed witness is subject to a good cause exception." 765 S.W.2d at 396.

Questions regarding the existence of good cause sufficient to allow the testimony of an undisclosed witness belong to the sound discretion of the trial court. *See Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). We have drawn the bounds of that discretion so narrowly, however, that in reality, we have almost stripped the trial courts of all discretion in these matters. Before today, there were no opinions issued from this court which held that good cause existed to admit the testimony of an undisclosed witness. *See e.g., Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, (Tex.1992) (trial court abused discretion by allowing testimony of undisclosed rebuttal witness); *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 672 (Tex. 1990) (trial court abused its discretion by allowing attorney who had not been identified as expert to testify regarding attorneys' fees, even though attorney had been deposed on that subject and orally identi-

---

**3.** Because our holding is narrow, the concern raised by the dissent that " 'the exceptions will consume the rule' " is significantly lessened. At 95 (quoting Paul N. Gold, *Discovery Update: Reports From the Front,* in State Bar of Texas Prof. Dev. Program, Litigation Update J–1, J–16 (1992)). Indeed, we have today chosen the same course advocated by the commentator upon which the dissent relies:

[T]o restrict the trial courts' flexibility to pragmatically mold the rules to apply to specific circumstances raises the disdained situation of having procedural form dictate over sub-

stance.... If it is feasible, the practice of designating individuals with knowledge of relevant facts might benefit from the establishment of some broader boundaries for court discretion. In this connection, *the best place to focus attention would be on the applicable criteria for determining good cause.*
Gold at J–16 (emphasis added).

**1.** In *Gee*, we also said that "[i]f the trial court, in its discretion, finds that good cause exists to allow the evidence, such should be admitted." 765 S.W.2d at 396.

fied as expert);[2] *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989) (good cause not established merely because exclusion of testimony would cause "great harm" to offering party); *E.F. Hutton & Co., Inc. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987) (trial court abused its discretion in allowing an attorney to testify regarding reasonable attorneys' fees because the attorney had not been designated as an expert). Though Rule 215(5) clearly contemplates potential good cause exceptions to the rule that undisclosed witnesses may not testify, this Court has yet to uphold such an exception. *Cf. Alvarado, supra.* I agree with the Court that applying the good cause exception sparingly is necessary to prevent Rule 215(5)'s exception from swallowing the rule, and thus undermining the rule's purpose. However, the rule's purpose is not served by abandoning all flexibility, rationality, and common sense. As with any equitable exception to a potentially harsh rule, the sensibility of its application depends on the circumstances of the particular case. Rule 215(5) was devised because the Court recognized the potential injustice that could arise from an exception-free application of the rule. If we affirmed the court of appeals' judgment, that potential injustice would become a reality. Failing to apply the exception simply defeats the plain meaning of Rule 215(5)'s exception.

In *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991), we said that "[t]he punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance."

We later stated in *Alvarado* that "[t]he difficulty with [Rule 215.5] lies not so much in the requirement of strict adherence, but in the severity of the sanction it imposes for every breach. The consequences of the rule should not be harsher in any case than the vice the rule seeks to correct. The sole

sanction should not be the exclusion of all evidence not properly identified in discovery; rather, as with other failures to comply with discovery, the trial court should have a range of sanctions available to it to enforce the rules without injustice." 830 S.W.2d 911 at 915 (citing *TransAmerican*) (emphasis added). Having spoken so recently and effectively on Rule 215(5)'s policy, when faced with a clear opportunity to apply that policy, we must do so. To do otherwise would only serve to further exacerbate the increasing ambiguity as to what constitutes good cause. For these reasons, I concur in the Court's judgment.

HECHT, Justice, concurring in the judgment.

I agree that the district court should not have excluded defendant's testimony at trial in this case, but my reasons for reaching this conclusion are somewhat different from the Court's.

The Court holds that defendant showed good cause for admission of his own testimony because: (1) his answers to a single, short set of interrogatories (nine in all) in a simple lawsuit (on an open account) showed that he was a person with knowledge of relevant facts; (2) he identified himself as a witness in a pretrial order; and (3) plaintiff was not surprised. Reduced to basics, these circumstances amount only to inadvertence and lack of surprise, neither of which, standing alone, constitutes good cause. *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992). The defendant has not shown "a failure to comply with discovery in difficult or impossible circumstances" which we have suggested is necessary for good cause. *Id.* Conceptually, therefore, the Court's decision may be argued to expand good cause beyond the strict bounds previously prescribed. Practically, however, it does so only slightly. It is intended to be, and is, a very narrow holding, restricted by the facts of this case. The Court is careful to say that good cause is not shown simply by the fact that the unidentified witness is a party ("A party cannot disregard procedural rules and still

---

**2.** I think that *Alvarado* and *Sharp* were wrongly  decided.

insist upon an absolute right to testify in all circumstances", *ante*, at 90), or that he is identified somewhere in discovery ("Certainly a more obscure or indirect identification than that involved here could permit exclusion of a party witness", *ante*, at 91).

Because the Court has limited its holding, I do not share the dissent's view that today's decision represents a significant departure from our prior cases. The Court's opinion argues against this view, relying as it does on two of those cases, *Alvarado* and *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669 (Tex.1990), which in turn relied on others. I do agree with the dissent, however, that if good cause is not strictly defined and applied, Rule 215(5), Tex.R.Civ. P., will quickly become unworkable. "The salutary purpose of Rule 215.5 [215(5)] is to require complete responses to discovery so as to promote responsible assessment of settlement and prevent trial by ambush." *Alvarado*, 830 S.W.2d at 914. The more exceptions are made to the simple requirement that litigants identify expert witnesses and persons with relevant knowledge, the more the purpose of the rule is impaired. The argument that an exception should be made for parties' identification of themselves and one another because everyone expects a party to testify in his own case does not address the problems with institutional or corporate parties, class actions, and multi-party lawsuits. If an exception is to be recognized at all, it must be as narrow as the one in this case.

It is certainly not unduly burdensome to identify parties who intend to testify as experts or who have knowledge of relevant facts. Yet in the past two years we have received applications for writ of error in seven cases besides this one in which a party or a party's representative called to testify at trial was not timely identified in answer to interrogatories. *E–Z Mart Stores, Inc. v. Terry*, 794 S.W.2d 63 (Tex. App.—Texarkana 1990, writ denied) (No. D–0225); *NCL Studs, Inc. v. Jandl*, 792 S.W.2d 182 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (No. D–0252); *Henry S. Miller, Co. v. Bynum*, 797 S.W.2d 51 (Tex. App.—Houston [1st Dist.] 1990, writ grant-ed) (No. D–0494); *J.N. Browning Oil Co. v. Sealy*, No. 11–90–00143–CV (Tex.App.— Eastland, May 23, 1991, writ pending) (not designated for publication) (No. D–1420); *Millman v. Howell*, No. 05–91–00015–CV, 1991 WL 119253 (Tex.App.—Dallas, July 2, 1991, writ pending) (not designated for publication) (No. D–1652); *Van Horn v. A. Plastino, Ltd.*, No. B14–90–00728–CV, 1991 WL 127367 (Tex.App.—Houston [14th Dist.], July 11, 1991, writ denied) (not designated for publication) (D–1667); *Hogan v. Credit Motors, Inc.*, 827 S.W.2d 392 (Tex. App.—San Antonio 1992, writ pending) (D–2327). I continue to believe that the difficulty with the application of Rule 215(5) lies not in determining good cause but with the single, severe sanction it prescribes. The rule would function better if good cause remained narrow, and sanctions were mandatory, but the range of sanctions was broader to give the trial court more discretion in distinguishing between inadvertence which does not surprise an opponent and abuse of the discovery process.

For now, however, Rule 215(5) must be applied as written. But the limits on the imposition of discovery sanctions which we recognized in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex. 1991), and *Braden v. Downey*, 811 S.W.2d 922 (Tex.1991), apply equally to Rule 215(5). That rule's single sanction, exclusion of evidence, cannot be imposed to effectively deny a party's claim or defense unless "a party has so abused the rules of procedure, despite the imposition of lesser sanctions, that the party's position can be presumed to lack merit and it would be unjust to permit the party to present the substance of that position before the court." *Id.* at 929, citing *TransAmerican*. Even when the effect of the sanction is not so drastic, it should not be imposed to work an injustice. The rule does not require such a result, and there are effective alternatives. As we observed in *Alvarado*, instead of excluding evidence, the trial court can postpone trial to allow discovery to be supplemented and punish the offending party appropriately. 830 S.W.2d at 915.

Rather than expand good cause even as little as the Court does today, I would hold that the exclusion of evidence in this case violated the rule of *TransAmerican* and *Downey*. Without his own testimony, the defendant could not present a viable defense. As a result, the plaintiff recovered a judgment not because it had a meritorious claim—although its claim may indeed have been meritorious—but because the defendant overlooked identifying himself in answer to interrogatories. This is precisely the result that *TransAmerican* condemns: "Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit." 811 S.W.2d at 918.

I therefore agree that the judgment of the court of appeals should be reversed and the case remanded to the district court for a new trial. I am troubled that the Court accomplishes this result by expanding good cause only for individual litigants and only in simple cases. This discrimination in the application of the rules in favor of some parties and against others is not a good precedent. At least the consequences here are minimal.

CORNYN, Justice, dissenting.

The court today, in the guise of an opinion that ostensibly effects a single litigant in a solitary case, concedes defeat in at least a three decade campaign for timely, complete and accurate pre-trial disclosure of the identity and location of persons with knowledge of relevant facts. In the process, the court retreats from its previous articulations of the high-minded, yet basic, imperative of full pre-trial responses to discovery requests and, simultaneously, condemns the bench of this state to the futility of applying a new, vague and unworkable standard for determining the existence of good cause for failure to disclose the name and identity of potential witnesses under Rule 215(5).[1] I have no doubt that application of this nascent standard by the lawyers and judges of Texas will prove to be the labor of Sisyphus. Like the mythical Sisyphus, whose punishment in Hades was to endlessly roll a heavy stone to a hilltop, only to have it roll back down the hill, the litigants and courts of this state are apparently condemned to litigate the good cause exception to the rule without end. Because I decline to join the retreat from the spirit and letter of our prior decisions mandating full disclosure of information that is basic to every lawsuit, and because I will not join in adopting a vague standard that will mire our courts, at the trial level and on appeal, in perpetual, fact-specific, inconclusive determinations of what does and does not constitute good cause under this incipient rule, I dissent.

I share the court's obvious concern that cases not be decided on procedural technicalities, but on their merits. Yet I fear the remedy it prescribes for this single case may itself result in the resurrection of the kind of discovery abuse the automatic exclusionary sanction of Rule 215(5) was designed to prevent. I agree with one commentator who recently said of this very case: "If the court grants an exception in this instance, it potentially opens the gates for other exceptions, thus raising the fear that the exceptions will consume the rule." PAUL N. GOLD, STATE BAR OF TEX, PROFESSIONAL DEV. PROGRAM, LITIGATION UPDATE, DISCOVERY UPDATE: REPORTS FROM THE FRONT J–16 (1992).

Eleven times before today, and as recently as three months ago, this court has considered the sufficiency of proffered evidence of good cause under Rule 215(5). In each case, until now, the court has not found good cause to allow the testimony of

---

1. That rule, effective April 1, 1984, provides: A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of *any* *other person having knowledge of discoverable matter,* unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record. TEX.R.CIV.P. 215(5) (emphasis added).

a previously undisclosed, incompletely disclosed, or untimely disclosed person with knowledge of relevant facts in the face of a proper discovery request. *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911 (Tex. 1992) (finding that requesting counsel's "awareness" of witness and deposition of her in another case was not good cause for admission of testimony, nor was counsel's intended use of witness for rebuttal purposes only); *Rainbo Baking Co. v. Stafford*, 764 S.W.2d 379 (Tex.App.—Beaumont 1989), *writ ref'd n.r.e., per curiam*, 787 S.W.2d 41, 42 (Tex.1990) (finding that counsel's expectation of settlement was not good cause); *Sharp v. Broadway Nat. Bank*, 784 S.W.2d 669, 671–72 (Tex.1990) (per curiam) (finding that late designation of expert witness was not good cause, despite deposition of witness, no surprise and claim of unfairness at being able to call expert witness under the circumstances); *Clark v. Trailways, Inc.*, 774 S.W.2d 644, 646 (Tex.1989) (concluding that uniqueness of witness's knowledge did not constitute good cause), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990); *McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72 (Tex.1989); *Boothe v. Hausler*, 766 S.W.2d 788, 789 (Tex.1989) (per curiam) (finding that "great harm" caused by inability to call witness was not good cause); *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989) (finding no good cause in the record); *E.F. Hutton v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987) (finding that inadvertent, late decision about calling expert witness and opposing counsel's ability to cross-examine undisclosed witness on attorney's fees was not good cause); *Gutierrez v. Dallas Indep. School Dist.*, 729 S.W.2d 691 (Tex. 1987); *Morrow v. H.E.B.*, 714 S.W.2d 297 (Tex.1986) (per curiam) (failing to provide witness's address was not good cause, despite offer to allow deposition of witness and no surprise); *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.*, 701 S.W.2d 243, 246–47 (Tex.1985) (failing to supplement answers, true when given, was not good cause when party later learned of witness, but failed to supplement).

The courts of appeals have dutifully followed this court's lead by strictly enforcing Rule 215(5). *See, e.g., Thompson v. Kawasaki Motors Corp., U.S.A.*, 824 S.W.2d 212, 216–17 (Tex.App.—Dallas 1992, no writ) (concluding that the unsworn designation of experts who had been deposed prior to trial did not discharge the duty to fully supplement the response to direct inquiries regarding experts); *Durish v. Panan Intern., N.V.*, 808 S.W.2d 175, 179 (Tex. App.—Houston [1st Dist.] 1991, no writ) (finding that knowledge of a witness's identity by all parties was not in itself good cause, nor was the fact that the witness had been previously deposed); *Stiles v. Royal Ins. Co.*, 798 S.W.2d 591, 594–96 (Tex.App.—Dallas 1990, writ denied) (concluding that general knowledge and previous deposition of a witness did not establish good cause, nor did opposing party's possession of expert's report constitute good cause to allow his testimony absent proper identification in response to a proper inquiry); *Gonzalez v. Stevenson*, 791 S.W.2d 250, 252–53 (Tex.App.—Corpus Christi 1990, no writ) (deposing a witness by written questions prior to trial did not constitute good cause); *K–Mart Corp. v. Grebe*, 787 S.W.2d 122, 126–27 (Tex.App.—Corpus Christi 1990, writ denied) (finding that knowledge and interview of witness did not constitute good cause); *Stoll v. Rothchild*, 763 S.W.2d 437, 440 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (disclosing witness's identity in pre-trial summary judgment proceedings and deposition did not constitute good cause); *Ramos v. Champlin Petroleum Co.*, 750 S.W.2d 873, 876–77 (Tex.App.—Corpus Christi 1988, writ denied) (finding that good cause is not satisfied by showing lack of surprise or that the witness had already been deposed); *Hall Const. Co. v. Texas Industries*, 748 S.W.2d 533, 536–37 (Tex.App.—Dallas 1988, no writ) (failing to find good cause where proposed witness was defendant's vice president and had verified defendants' responses to interrogatories).

This court's adoption of Rule 215(5) in 1984 was rightly interpreted as a strong message to the bench and bar that the Texas Supreme Court abhors discovery

abuse as a cancer in our civil justice system. David W. Holman & Byron C. Keeling, *Disclosure of Witnesses in Texas: The Evolution and Application of Rules 166b(6) and 215(5) of the Texas Rules of Civil Procedure*, 42 BAYLOR L.REV. 405, 417 (1990) [hereinafter Holman & Keeling, *Disclosure of Witnesses in Texas*]. Discovery abuse in all its shapes and forms encourages trial by ambush, promotes gamesmanship, provides a disincentive to settlement, unduly increases the complexity and expense of litigation, delays dispute resolution and overburdens our taxpayer-supported court system. There is bitter irony in the fact that just when the bench and bar have finally come to accept that the court will enforce the requirement of full and accurate responses to discovery requests as a predicate to the admission of evidence, the court inexplicably balks. This loss of confidence in the court's own repeatedly articulated convictions on this subject is especially surprising in light of this court's recent statement in *Alvarado* that "we are not free to disregard [the rule's] plain language. Nor should we revise the rule by opinion." *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992).

However, scrutiny of the court's opinion demonstrates how it does just what we said we would not do in *Alvarado*, that is, effectively change the rule by opinion. The court does explicitly decline to engraft a "party exception" on Rule 215(5). To the contrary, the court states: "a party cannot disregard procedural rules and still insist upon an absolute right to testify in all circumstances." 830 S.W.2d at 916. Instead, the court proclaims a new standard for good cause:

> [T]he constraints of Rule 215(5) may permit testimony by a party who is an individual not listed in response to a Rule 166(2)(d) interrogatory, when identity is

certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings and response to other discovery at least thirty (30) days in advance of trial.

830 S.W.2d at 91. Thus, the court's new exception "may" (in other words, it is discretionary) apply to "individual" party-litigants [2] (but apparently not to class actions or other multiple party litigation, organizations under Rule 201(4), including partnerships, associations, professional corporations, for-profit and not-for-profit corporations) whose identity is "certain" (to whom?) *and* when the witness's knowledge of relevant facts has been "communicated" (orally or in writing?) to all (does the court really mean all?) other parties "through pleadings and response to other discovery" (this includes petitions, answers, cross-claims, cross-actions, motions, responses, affidavits, depositions and even voluminous documents). In fact, it appears that good cause can be shown even when a proper discovery request is not timely, accurately or completely answered. Indeed, a litigant could intentionally ignore a discovery request and show good cause under the court's new standard.

But try as the court might, it cannot escape history, and so it seems we are condemned to relive it. Apparently, the court's institutional memory of the bar's thirty-three year travail since the dark days of *Ex parte Ladon*, 160 Tex. 7, 325 S.W.2d 121 (1959), and *Ex parte Frank Hanlon*, 406 S.W.2d 204 (Tex.1966), has dimmed. Although our rules first allowed pre-trial discovery of the identity and location of persons with knowledge of relevant facts in 1957, this court in both *Ladon* and *Hanlon* held that such information was nevertheless subject to a work-product privilege and not discoverable when that objection is interposed.[3] *See Menton v. Lattimore*,

---

**2.** Rule 215(5) applies to the testimony of an expert witness or of any other person having knowledge of discoverable matter. The court's good cause standard purports to be limited to parties, but the duty to respond or supplement discovery requests is identical for all persons with expert and factual knowledge, parties and

non-parties alike. If the court's standard is to be applied only to parties, on what basis can a principled distinction be made?

**3.** The fine distinction between discovery of the identity of witnesses who will be called to testify at trial per se, and the discovery of persons with

667 S.W.2d 335, 339 (Tex.App.—Fort Worth 1984, orig. proceeding). Thus, the rule's promise of routine discovery of such basic information was meaningless in practice. Holman & Keeling, *Disclosure of Witnesses in Texas*, 42 BAYLOR L.REV. at 410–11.

It was not until 1984, when the rules of civil procedure were amended, that this court guaranteed ready access to the names and location of persons with knowledge of relevant facts in the form of Rule 215(5). In the interim, access to this information was "mired in complex procedural rules and gamesmanship." Holman & Keeling, *Disclosure of Witnesses in Texas*, 42 BAYLOR L.REV. at 414. Frustrated with the cumbersome, expensive and time-consuming nature of existing procedures to reliably gain access to this information, the members of the Supreme Court Advisory Committee encouraged the supreme court in 1979 to promulgate discovery rules that would reduce gamesmanship in identifying potential witnesses and permitting adequate time before trial for deposing witnesses. *See generally* Minutes, Advisory Committee for the Supreme Court of Texas, May 4–5, 1979, Austin, pp. 49–118.

Compounding the difficulties with the pre–1984 rules was the fact that neither a lawyer nor a court could accurately predict how a trial court's decision to allow or not allow an undisclosed witness to testify would be treated on appeal. In 1985, when a member of this court surveyed twelve appellate court decisions on this subject between 1981 and 1985, the survey disclosed: "trial courts have been affirmed when they allowed testimony; reversed when they allowed testimony; affirmed when they refused testimony; and, reversed for refusing testimony." William W. Kilgarlin, *What to Do With the Unidentified Expert*, 48 TEX.B.J. 1192, 1195 (Nov.1985). There was little argument at the time—nor can, I submit, there reasonably be now—that such unpredictability and lack of uniformity is a grave disservice to the litigants who we serve and cannot comport with any rational notion of equal

justice under the law, or efficient administration of our civil justice system.

Full disclosure, as we have repeatedly observed, encourages settlements. Referring to "our longstanding policy of facilitating settlement by fostering full discovery," we have written,

> Our goal in promulgating Rules 166b and 215(5) and our prior opinions interpreting these rules was to encourage full disclosure of the issues and facts prior to trial so that parties could make realistic assessments of their respective positions. *It was our hope that this would facilitate settlements and prevent trial by ambush.*

*Rainbo Baking Co.*, 787 S.W.2d at 42 (quoting *Gee*, 765 S.W.2d at 396 (Gonzalez, J.) (emphasis in original)).

Rule 215(5) is an admittedly rigorous rule, but one intended to promote the fair administration of justice by requiring that discovery rules be applied evenly and consistently in each case. *See Alvarado*, 830 S.W.2d at 919; William W. Kilgarlin & Don Jackson, *Sanctions For Discovery Abuse Under New Rule 215*, 15 ST. MARY'S L.J. 767, 820 (1984) [hereinafter Kilgarlin & Jackson, *Sanctions for Discovery Abuse*]. The purpose of the automatic exclusionary sanction is not to punish a litigant for whom it is inordinately difficult or impossible to respond to a discovery request in a timely manner. *Alvarado*, 830 S.W.2d at 914; *Clark*, 774 S.W.2d at 646. Indeed, it has been suggested that inability or more than routine difficulty with timely complying with a request for the identity and location of potential witnesses is the essence of good cause, if proven. *Alvarado* 830 S.W.2d at 914; *Clark*, 774 S.W.2d at 646; *see also* Holman & Keeling, *Disclosure of Witnesses in Texas*, 42 BAYLOR L.REV. at 440, 442 (unforeseen events trigger good cause exception); *Foster v. Cunningham*, 825 S.W.2d 806, 808 (Tex.App.—Fort Worth 1992, writ pending) ("good cause exception is necessarily a narrow one requiring a showing of extraordinary cir-

---

knowledge of relevant facts, is explained on the basis that the former is privileged work-product while the latter is not. *Employers Mutual Lia-*

*bility Ins. Co. v. Butler*, 511 S.W.2d 323, 324 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.).

cumstances.... [T]he trial court's discretion in the matter is limited to situations where one could not, in good faith and due diligence, immediately respond ... or where difficult or impossible circumstances prevented one from supplementing discovery.") By restrictively interpreting the good cause exception, the rule promotes full discovery and serves as a disincentive for litigants who withhold requested information within the scope of discovery. *See Clark*, 774 S.W.2d at 646.

Enforcement of the rule is a matter of basic fairness to all litigants. This is because it is only fair that "a party expect that the rule he has attempted to comply with will be enforced equally against his adversary." *Alvarado*, 830 S.W.2d at 914; *see also Sharp*, 784 S.W.2d at 671 (a party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory). It is a simple fact of life for lawyers who try cases that compliance with this rule is just one of a multitude of rigorous demands made by the mostly technical and unforgiving rules governing the trial and appeal of cases.

This court could not have stated more clearly the duty to supplement discovery and the consequences for failure to do so under Rule 215(5). The sanction of exclusion is automatic. *Sharp*, 784 S.W.2d at 671; *Morrow*, 714 S.W.2d at 297. Moreover, the exclusionary sanction applies to the failure to timely respond initially as well as the failure to provide complete information, when it becomes available. *See, e.g., Boothe*, 766 S.W.2d 788; *Morrow*, 714 S.W.2d at 297 (exclusion of testimony mandated for failure to provide the address of a potential witness when it becomes available, even though it was not known when originally requested). And, the duty to adequately supplement applies to all proper discovery requests, not just interrogatories. *See, e.g., Clark*, 774 S.W.2d at 646; *see also* Kilgarin & Jackson, *Sanctions for Discovery Abuse*, 15 ST. MARY'S L.J. at 817. Despite the clarity of the rule and the unanimity of our decisions construing its good cause exception, too often and usually

for avoidable reasons, many counsel find themselves desperately trying to avoid this automatic sanction that can mortally wound the viability of a claim or defense.

While the sanction is automatic, it is important to reiterate what we recently stated in *Alvarado*, echoed today in the concurring opinions of Justices Gonzalez and Hecht, regarding the alternatives available to a trial court that permit the court to ameliorate the harsh consequences of automatic exclusion in deserving cases, when good cause does not otherwise support the admission of undisclosed evidence:

> When a party has failed to timely identify evidence in response to discovery requests, the trial court has discretion to postpone the trial and, under Rule 215.3, to impose an appropriate sanction upon the offending party for abuse of the discovery process. Such sanction may be used to compensate the non-offending party for any expense in preparing for trial. Although the trial court should not allow delay to prejudice the non-offending party, the trial court should ordinarily be able to cure any prejudice by a just imposition of sanctions.

*Alvarado*, 830 S.W.2d at 915–16 (footnote omitted).

While postponing a trial can certainly prejudice the rights of the non-offending party under some circumstances and unduly add to a trial court's considerable responsibilities in managing a trial docket, such an option is available to the trial court in the interests of justice. Such alternative sanctions are especially important when the entire claim or defense would otherwise be effectively lost due to inadvertence of counsel. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 922 (Tex. 1991) (Gonzalez, J., concurring) (punishment should fit the "crime").

Yet, unfortunately, the court does not consider this option and, even worse, fails to address how its decision today can be reconciled with the literal language of the rule or our prior decisions. The reason why it does not attempt to do so, I suggest, is because they cannot be reconciled. The

court announces a new unworkable rule and simultaneously, perhaps unwittingly, reverts to the gamesmanship, surprise and trial by ambush the adoption of Rule 215(5) sought to prevent. This is because, as I have explained, the court's new good cause standard raises more questions than answers. For this reason, the standard will surely be fertile ground for future litigation at all levels of our court system.

Because the court's new good cause standard consigns countless issues to future litigation; because the court does not suggest how its new standard can be reconciled with our previous decisions applying Rule 215(5) and thus injects confusion into what was heretofore a clear and simple rule of law; and because the court reintroduces harmful gamesmanship into discovery of basic facts and the trial of cases, I dissent.

**Belinda Moore ROGERS, Petitioner,**

v.

**Robert STELL and Mary Stell, Respondents.**

**No. D–2348.**

Supreme Court of Texas.

July 1, 1992.

Defendant in action alleging property damage to automobile appealed from order of the County Court at Law, No. 4, Dallas County, Bob Day, J., which rendered judgment against her. The Dallas Court of Appeals, 828 S.W.2d 115, affirmed. In granting application for writ of error, the Supreme Court held that undisclosed individual party witness may testify at trial where party did not respond to or supplement her response to interrogatory seeking persons expected to be called at trial, but properly identified herself as person with knowledge of relevant facts.

Reversed and remanded.

1. **Pretrial Procedure** ⊙⟶313

Undisclosed individual party witness may testify at trial where party did not respond to or supplement her response to interrogatory seeking persons expected to be called at trial, but properly identified herself as person with knowledge of relevant facts. Vernon's Ann.Texas Rules Civ. Proc., Rule 215, subd. 5.

2. **Appeal and Error** ⊙⟶232

Party failed to preserve for review argument that rules do not permit interrogatory compelling party to reveal witnesses he expects to call at trial, where party's only objections to question were that it was excessively burdensome, unnecessary expense, and harassment.

G. David Westfall, Dallas, for petitioner.

James Lee Williams, Dallas, for respondents.

PER CURIAM.

[1] We hold that an undisclosed individual party witness may testify at trial where the party did not respond to or supplement her response to an interrogatory seeking persons expected to be called at trial, but properly identified herself as a person with knowledge of relevant facts.

After a traffic accident, Robert and Mary Stell sued Belinda Rogers for property damage to their car. Among the twenty-three interrogatories Rogers answered were the following:

INTERROGATORY NO. 11: List the names and addresses of all persons who have knowledge of the facts of said occurrence or of the damages referred to in our Petition, and state what specific knowledge or information each such person possesses.

ANSWER: (1) Belinda Moore Rogers
(2) Ellis C. Rogers
(3) Mrs. Mary Stell

INTERROGATORY NO. 13: Give the name and address of any witness whom you intend to call to testify in this case.

Although she objected to both of these interrogatories, Rogers provided a response only to the first one, listing herself as a person having knowledge of relevant facts. She did not appear at the hearing. The trial court overruled all objections, refused to allow Rogers to testify in her own defense, and rendered judgment in the Stells' favor. The court of appeals affirmed. 828 S.W.2d 115.

■ Rogers correctly argues that our rules do not permit an interrogatory compelling a party to reveal the witnesses he expects to call at trial. However, she failed to preserve this argument because her only objections to the question were that it was excessively burdensome, an unnecessary expense, and harassment. *See Gutierrez v. Dallas Indep. Sch. Dist.*, 729 S.W.2d 691, 693 (Tex.1987).

Rogers's response to Interrogatory No. 11, however, stated that she had knowledge of facts relevant to the accident. Her answers to the remaining interrogatories also clearly conveyed that Rogers witnessed the accident and provided her statement of what happened. On this basis, Rogers asserts there was good cause to admit her testimony under Tex.R.Civ.P. 215.5.[1]

We recently held in *Smith v. Southwest Feed Yards, Ltd.*, 835 S.W.2d 89, 91 (Tex. 1992), that "where the answer to another query in a single, short set of interrogatories plainly indicated that the individual responding had knowledge of relevant facts, the trial court abused its discretion by failing to find 'good cause' to permit that party's testimony." Rogers was clearly identified as having knowledge of relevant facts. The trial court abused its discretion in barring her testimony. *Cf. Exocet, Inc. v. Cordes*, 815 S.W.2d 350, 352 (Tex.App.—Austin 1991, no writ) (uphold-

ing trial court's discretion to admit testimony of party not identified in response to an interrogatory seeking witness list).

Pursuant to Rule 170, Tex.R.App.P., without hearing oral argument, a majority of this court grants the application for writ of error, reverses the judgment of the court of appeals, and remands the case to the trial court for further proceedings.

---

1. Rule 215.5 provides:

   A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown upon the record.