**Thomas Anthony DESPAIN, Appellant,**

v.

**Teresa DAVIS, Appellee.**

**No. 07–92–0210–CV.**

Court of Appeals of Texas, Amarillo.

Feb. 10, 1993.

Elizabeth A. Darnall, Dallas, for appellant.

Michael M. McReynolds, Dallas, for appellee.

Before DODSON, BOYD and POFF, JJ.

DODSON, Justice.

Appellee Teresa Davis instituted the instant action against Thomas Anthony Despain for damages resulting from a vehicular accident. The trial court rendered judgment for Davis in the amount of $5,987.10 plus interest and court costs. In his fourth point of error, Despain contends the trial court erred in sustaining Davis' objection to his testimony as a fact witness, arguing that the trial court abused its discretion because there was good cause to permit his testimony on the face of the record. We agree, will reverse the judgment, and remand the cause for a new trial.[1]

Despain personally answered interrogatories propounded to him by Davis but failed to include his own name in response to answers seeking disclosure of potential witnesses. When Despain later attempted to testify, Davis objected on the ground that he was not listed among those specified in response to the interrogatory asking the identity of persons with knowledge of relevant facts. The trial court sustained the objection and denied Despain the opportunity to testify. Despain also called David Clark to testify. However, Davis objected on the ground that although Clark was listed as a fact witness, Despain failed to give his address in supplementation as promised. The trial court also sustained the objection to Clark's testimony. Accordingly, the trial court rendered judgment solely on the basis of Davis' testimony.

In initiating the instant action, Davis alleged that her vehicle was damaged in a collision with a vehicle "negligently operated by" Despain. Davis alleged that Despain's negligence proximately caused the collision and her damages. The record shows the following in response to several interrogatories answered by Despain about fifty days before trial:

5. If you braked before the collision, what was the distance traveled by your vehicle from the point of application of your brakes to the collision?
ANSWER: Approximately 5 feet
6. State in detail how the collision occurred, including, but no[t] limited to the directions of travel by involved vehicles, the speed and conditions of the vehicles involved and any infraction of traffic laws upon the part of any driver involved in the collision.
ANSWER: I was traveling North bound on Greenville and there was a green arrow indicating that I could turn left onto Yale Blvd. I was hit broadside by the South bound car driven by TERESA DAVIS as I was making the left turn.

In answer to interrogatory eight, Despain also identified himself as the owner and driver of the vehicle involved in the accident.

Texas Rule of Civil Procedure 215(5) provides that a witness who is not identified in a response to a discovery request may not testify at trial "unless the trial court finds that good cause sufficient to require admission exists." *Alvardo v. Farah Manuf. Co., Inc.*, 830 S.W.2d 911, 913–14 (Tex.1992). The only exception to the automatic sanctions of Rule 215(5) is good cause. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (1989). Consequently, a party must be named in a response to a suitable interrogatory seeking the identity of persons with relevant knowledge unless good cause is shown. *Smith v. Southwest Feedyards*, 835 S.W.2d 89, 90 (1992).

In *Smith v. Southwest Feedyards*, the Supreme Court determined that good cause exists to permit the testimony of a party

---

1. Appellee has failed to grace us with a brief. Tex.R.App.P. 74(m).

witness where "identity is certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least thirty (30) days in advance of trial." *Id.* at 91. *Henry S. Miller Co. v. Bynum,* 836 S.W.2d 160, 162 (1992).

Here, Davis' original petition alleged that Despain was the driver who caused the accident. The answers to interrogatories five and six show that Despain had personal knowledge of relevant facts. In answer eight, Despain averred that he was the driver. The answers to interrogatories were filed more than thirty days before trial. Davis could not have been surprised by Despain's testimony. Hence, the trial court abused its discretion by failing to find "good cause" to permit Despain's testimony. *Smith v. Southwest Feedyards, supra.* Point of error four is sustained.

Accordingly, the judgment is reversed and the cause is remanded to the trial court.