TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00379-CV







Bill F. McGraw, Appellant



v.



McKenzie Banking Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 483,985, HONORABLE HUME COFER, JUDGE PRESIDING








 Bill F. McGraw appeals from an adverse judgment rendered after a non-jury trial
in an action for debt evidenced by McGraw's promissory note made to United Bank (the "Bank"),
acquired by the Federal Deposit Insurance Corporation ("FDIC") on the Bank's failure, and
transferred by bill of sale to McKenzie Banking Company which brought the action. We will
affirm the trial-court judgment.

 In his first point of error, McGraw contends the trial court erred in allowing the
witness John Arnold to testify over McGraw's objection and request for sanctions that Arnold's
testimony be excluded under Rule 215(5). Tex. R. Civ. P. 215(5). In response to McGraw's
interrogatory, McKenzie identified Arnold as having knowledge of relevant facts, but omitted to
supply an address or telephone number for him as requested in the interrogatory. Arnold is an
officer of McKenzie and the individual who responded for McKenzie to McGraw's discovery
requests. The trial court found McGraw was not prejudiced by Arnold's testimony because it
consisted only of identifying the note, the execution of which was not denied (it was in fact
admitted), and identifying McGraw's letter to the Bank and the FDIC's bill of sale of the note to
McKenzie, each of which was admitted in evidence without objection. McGraw does not attack
the sufficiency of the evidence to support the court's determination of a want of prejudice. We
conclude any error was harmless, for the reasons stated by the trial court, and overrule the point
of error. See Teague v. Bandy, 793 S.W.2d 50, 53 (Tex. App.--Austin 1990, writ denied); see
also Smith v. Southwest Feed Yards, 835 S.W.2d 89, 90-91 (Tex. 1992).

 McGraw's second point of error contends the trial court erred in admitting in
evidence McKenzie's exhibit two, a photocopy of a cashier's check issued to McGraw by the
bank. McGraw objected to admission of the exhibit on the grounds that it was hearsay, not
authenticated, and not the best evidence. McGraw's brother testified without objection that the
cashier's check was deposited in his account at the Bank and that he thought it represented a loan
to him consistent with his large line of credit and his long-standing practice to borrow from the
Bank from time to time. We believe, therefore, that any error in admitting the photocopy of the
note was harmless. We overrule McGraw's second point of error.

 McGraw's points of error three through seven pertain to various elements of his
usury defense and counterclaim for usury. The assertion of usury is based on a demand letter
McGraw received from McKenzie which asserted a claim for interest as well as principal. The
trial court found there was no evidence to support McGraw's contention that the interest claimed
in the demand letter was greater than that due under his promissory note; and even if the letter
had demanded more interest than the note, any question of usury was moot because McGraw's
calculation of usurious interest depended on his premise that he did not owe the principal of any
debt to McKenzie. We agree. Moreover, McGraw does not assign error to these trial-court
determinations. We hold, therefore, that he waived any error. San Jacinto River Auth. v. Duke,
783 S.W.2d 209, 210 (Tex. 1990). We overrule points of error three through seven.

 McGraw's point of error eight complains the trial court erred in failing to find there
was no demand for payment of the note in Travis County. While the promissory note specified
Travis County as the place of payment of the debt, McKenzie's demand letter did not. As a
result, McGraw argues, McKenzie failed to make proper demand and presentment. We hold any
error harmless, if error there was, because the terms of McGraw's promissory note include an
express waiver of presentment and demand. We overrule McGraw's eighth point of error.

 McGraw's points of error nine through eleven complain the trial court erred in its
finding of fact number three because there was no evidence or factually insufficient evidence to
support the finding. Finding of fact three declares as follows: "After Bill F. McGraw executed
[the] note, the . . . bank issued a $50,000 check payable to Bill F. McGraw, which represented
the proceeds of that note." McGraw argues the evidence is deficient in failing to show any
connection between his promissory note and the cashier's check for $50,000. We will summarize
the evidence on this point. By letter dated February 11, 1987, the Bank sent the promissory note
to McGraw and requested that he sign it and return it along with his social security number and
financial statement. By letter dated February 12, 1987, McGraw returned the signed note, dated
February 13, 1987, together with the information requested by the bank in its letter. The date of
the Bank's cashier's check is February 17, 1987; it was made payable to Bill F. McGraw; it bears
on its reverse the endorsement "For Deposit Bill F. McGraw a/c #109 7153"; and a deposit slip
for the brother's account shows a deposit on February 19, 1987, marked "Bill McGraw 50,000." 
After the controversy arose, McGraw wrote a letter to McKenzie, dated February 1, 1990, in
which McGraw stated that he had executed the note "so that the bank could transact some business
with my brother." We hold the evidence legally and factually sufficient to support the trial court's
finding that the $50,000 deposited in the brother's account represented the proceeds of McGraw's
loan from the Bank in the same amount, as evidenced by his $50,000 note. We overrule
McGraw's ninth, tenth, and eleventh points of error.

 McGraw's point of error twelve complains the trial court failed to conclude that
the endorsement on the reverse of the cashier's check is a forgery. While conceding his execution
of the promissory note, McGraw denied explicitly that he had endorsed the cashier's check. 
Moreover, an expert witness testified that in her opinion, based on her comparison of the
signature on the cashier's check with other examples of McGraw's signature, the signature on the
reverse of the cashier's check was not McGraw's. The examples used for comparison, she
explained, were those on "approximately 50 of [McGraw's] checks and about five or six of his
signatures on letters or documents." We find in the evidence, however, nothing that tends to
establish the genuineness of the comparison signatures that constituted the basis of her opinion. 
See Tex. R. Civ. Evid. 901(b)(3). In all events, however, whether McGraw personally endorsed
the note is immaterial because the trial court found expressly that he had authorized endorsement
of the cashier's check, as well as its deposit in his brother's account. That is to say, the court did
not find that McGraw had personally endorsed the cashier's check. His brother testified the Bank
deposited $50,000 in his account as described above. We overrule McGraw's point of error.

 McGraw's point of error thirteen complains the trial court erred in awarding
interest on the debt evidenced by his promissory note because McKenzie failed to prove the
correct rate of interest as called for by the note. The note called for "a varying rate" of interest
equal to the lower of (1) the maximum lawful rate and (2) one percent per annum in excess of a
"floating base rate" established by the bank from time to time for the guidance of its loan officers. 
McKenzie's proof did not show the "floating base rate." The trial court awarded interest at the
legal or statutory rate applicable in the absence of an agreement as to a "specified rate of interest." 
See Tex. Rev. Civ. Stat. Ann. art. 5069-1.03 (West 1987). We overrule the point of error. 
McGraw does not complain that the interest rate fixed by the trial court was unreasonable. See
Bailey, Vaught, Robertson & Co. v. Remington Inv., Inc., 888 S.W.2d 860, 866 (Tex.
App.--Dallas 1994, no writ h.). 

 McGraw's point of error fourteen complains the trial court erred in its finding that
McKenzie was the owner and holder of McGraw's promissory note. We believe McGraw intends
a no-evidence point of error. He points out that the evidence shows the FDIC's transfer of the
note to McKenzie, by bill of sale, but omits to show any antecedent transfer from the Bank to the
FDIC. Indeed the record does not show any express transfer in that regard. The record does
show, however, that McGraw agreed in a pre-trial hearing that the Bank had been "taken over"
by the FDIC which was, as a result, the custodian of the Bank records. In addition, the FDIC's
bill of sale, a copy of which was in evidence, shows the FDIC made the transfer in its "corporate
or receiver capacity." We believe the record therefore permits a reasonable inference that the
FDIC had been appointed receiver for the Bank and had therefore acquired by operation of law--the
federal receivership statutes--the legal power to transfer the failed Bank's assets. See 12 U.S.C.
§ 1821(d)(2)(A), (B) (1989 & Supp. 1995). We overrule the point of error.

 McGraw's points of error fifteen through seventeen complain the evidence is legally
and factually insufficient to support the trial court's finding of fact number four. Finding of fact
number four declares as follows: "Defendant Bill F. McGraw authorized the endorsement of [the]
$50,000 check and authorized the deposit of that check to the account of his brother." We
summarized above, in connection with points of error nine through eleven, the evidence pertaining
to the transaction between the Bank, McGraw, and his brother. McGraw argues finding of fact
four cannot be made in the absence of evidence showing that his brother acted as his agent in the
transaction. McGraw's letter to the Bank, dated February 1, 1990, in which he declared that he
had executed the promissory note "so that the bank could transact some business with my
brother," together with the sequence of contemporary events--the execution and delivery of
McGraw's note to the Bank, its issuance of the cashier's check, and its deposit in the brother's
account marked "Bill McGraw 50,000," permit a reasonable inference that the brother was
authorized to endorse the cashier's check for deposit to his own account. Moreover, because
McGraw's letter of February 1, 1990, was written after the controversy arose, we believe the
letter constitutes prima facie evidence of a ratification of the brother's acts even if they were in
the beginning unauthorized. See Tex. Bus. & Com. Code Ann. § 3.304(b) (West 1994). We
conclude the evidence is legally and factually sufficient to support finding of fact four. We
overrule points of error fifteen through seventeen.

 McGraw's points of error eighteen and nineteen complain the trial court, in a pre-trial hearing, overruled McGraw's brother's motion to quash a subpoena and a subpoena duces
tecum issued in the cause. The brother was not a party to the suit. The subpoena enabled
McKenzie to obtain records pertaining to the brother as a depositor of the Bank. McGraw
complains the subpoenas were defective because not preceded by notice to the depositor and
certification as required by article 342-704, section 2, of the Texas Banking Code of 1943. Tex.
Rev. Civ. Stat. Ann. art. 342-704, § 2 (West Supp. 1995). We cannot see how any legal right
of McGraw's is affected adversely by the defective subpoenas served his brother, if the statute
applied to the case. We hold, therefore, that the trial court did not err in failing to quash the
subpoenas at McGraw's request. See 62B Am.Jur.2d Process § 350, at 1035 (1990); 72 C.J.S.
Process § 92, at 675 (1987). We overrule the point of error.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: May 31, 1995

Do Not Publish