Sterling Price BOOTHE, III, Appellant,

v.

Dieter Erich HAUSLER, Appellee.

No. 01–87–01110–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 1988.

Rayborn C. Johnson, Bartley & Johnson, Houston, for appellant.

Steven C. Simmons, Houston, for appellee.

## OPINION ON MOTION FOR REHEARING

LEVY, Justice.

The Court's opinion of September 22, 1988, is withdrawn, and the following is substituted therefor.

Appellant sued appellee to recover damages for injuries he sustained from an assault that occurred at the Cellar Door Restaurant in Houston on December 21, 1983. In answer to special issues, the jury found that appellee did not commit the assault and that appellant suffered no damages. Appellant appeals the trial court's judgment asserting two points of error.

At the time of the assault, appellant was accompanied by Susan Marie Buck, who testified that she was an eyewitness to the assault and identified appellee as the assailant both within a few weeks after the assault and at the time of trial. In her description of appellant's assailant, Ms. Buck described him as having a thick moustache and wearing a cowboy hat, a plaid shirt, and a big western belt buckle. Appellee took the stand in defense and testified that he had never had a moustache and never wore a cowboy hat.

During the course of pre-trial discovery, appellee answered interrogatories indicating that the persons who knew relevant facts constituting the basis of the assault were Charlene Quarles Hausler, Ron Garland (whereabouts unknown), and Ron Garland's girlfriend (name and whereabouts unknown). At trial, Ms. Hausler was called as a witness and testified that she was with the appellee during the entire course of the evening and at no time did she ever witness the appellee strike the appellant. Finally, she testified that Ron Garland always wore western-style clothes, including a big belt buckle and boots, and had a thick moustache. She further testified that during the years that she had known the appellee, he had never worn a moustache. Additionally, as a rebuttal witness, appellee called his secretary of many years, Teresa Louise Dee, who testified that she had never seen the appellee wear a moustache or a cowboy hat in all the years that she had known him.

Appellant urges in two points of error that the trial court abused its discretion in allowing Charlene Quarles Hausler and Teresa Louise Dee to testify at trial, in violation of rules 166b and 215(5) of the Texas Rules of Civil Procedure.

In his first point of error, appellant urges that Ms. Hausler was erroneously allowed to testify because appellee failed to supplement his answers to appellant's interrogatory to supply Ms. Hausler's correct address and telephone number. Because of this failure, appellant was unable to locate and depose Ms. Hausler before trial.

Appellant further asserts that Mrs. Dee was ineligible to testify because, again, appellee failed to supplement his answers to appellant's interrogatory to provide appellant with Dee's name, correct address, and telephone number.

The overriding purpose of discovery is to allow the parties "to obtain the fullest knowledge of issues and facts prior to trial." *Gutierrez v. Dallas Indep. School*

*Dist.,* 729 S.W.2d 691, 693 (Tex.1987) (cite omitted). Recently, the rules of discovery were changed to ensure fairness and prevent "trials by ambush." *Id.* Rule 166b(6)(a) provides that a party is under a duty to supplement discovery responses if he knows that his answer was incorrect or incomplete when made, is no longer true, or if the failure to amend would be misleading.

Rule 215(5) of the Texas Rules of Civil Procedure provides that:

> A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

Before a party may call a witness who is not named in response to a relevant interrogatory, or is the subject of that party's unsupplemented interrogatories, the trial court, to effectuate this rule, must find good cause that "requires" admission of that witness's testimony. Such a showing of good cause is the only basis for allowing the testimony. *See Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.,* 701 S.W.2d 243 (Tex.1985); *Walsh v. Mullane,* 725 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Exclusion of the testimony for noncompliance with the supplementation requirement is mandatory unless good cause, sufficient to require admission, is shown to exist. *Walsh v. Mullane,* 725 S.W.2d at 265; *see* Tex.R.Civ.P. 168.

In a hearing before the trial judge, appellant objected to Ms. Hausler's testimony on the ground that the address furnished by appellee, in response to appellant's interrogatory, was incorrect when made and had never been supplemented to provide appellant with a correct address. The appellant argued that appellee was, at all times, aware of Ms. Hausler's whereabouts.

The record reflects that appellee supplied two different addresses for interrogatories. One was supplied in 1985 and the other in 1986. The record does not conclusively establish whether the most recent address, provided by appellee in 1986, was incorrect at the time it was given, or whether appellant tried to contact Ms. Hausler at that address. At trial, appellee represented that at the time of the filing of the answer to interrogatories, in 1986, the address and phone number given for Ms. Hausler were true and correct.

The trial record, which was before the trial judge at the hearing, shows that appellee answered appellant's interrogatories on March 24, 1986, and that 10 days later, on April 3, appellant served appellee's attorney with notice of intention to take Ms. Hausler's deposition on April 26, 1986. The evidence is unclear whether appellant made any attempt to contact Ms. Hausler at the address he was given in appellee's response to interrogatories. We conclude that it was within the judge's sound discretion to review the evidence and determine that good cause existed for allowing Charlene Hausler's testimony.

Accordingly, appellant's first point of error is overruled.

■ Appellant objected to Teresa Dee's testimony because mention of her had been entirely omitted from appellee's response to appellant's interrogatory. Appellant's interrogatory asked appellee to identify "all persons having knowledge of facts relevant to this suit." Dee was not included in appellee's answer to the interrogatory and, for this reason, appellant objected to her testimony.

Appellee informed the trial court that Dee had no knowledge of the occurrence in issue and that her testimony would be limited to "the lack of a mustache on [appellee] for the last nine years." Because Dee was called to testify only on the issue of appellee's identity, we do not find that it can reasonably be said that she had "knowledge of facts relevant to this suit," as the interrogatory inquired. It was not misleading for appellee to fail to include her in his answer to appellant's interrogatory, which did not seem to apply to her at all, because the identity of a party is normally a given fact in a lawsuit.

We conclude that the judge did not abuse his discretion in allowing her testimony.

Appellant's second point of error is overruled.

Appellant's motion for rehearing is overruled, and the judgment of the trial court is affirmed.

EVANS, C.J., and DUGGAN, J., also sitting.