Sterling Price BOOTHE, III, Petitioner,

v.

Dieter Erich HAUSLER, Respondent.

No. C–8284.

Supreme Court of Texas.

March 8, 1989.

Rayborn C. Johnson, Bartley & Johnson, Houston, for petitioner.

Steven C. Simmons, Houston, for respondent.

PER CURIAM.

The issue in this case is the sanction to be imposed on a party for failing to supplement interrogatories regarding the address of a witness. The trial court allowed the witness to testify over objection. The court of appeals affirmed, holding that a determination of good cause was within the trial court's discretion. 762 S.W.2d 304. While we agree with this general statement of the law, the court of appeals misapplied the standard in this case, and we therefore reverse its judgment and remand the cause for a new trial.

Sterling Price Boothe, III was assaulted in the foyer of the Cellar Door Restaurant in Houston in December 1983. Boothe's companion that evening, Susan Buck, witnessed the assault and identified Dieter Erich Hausler in a photo line-up and at trial as Boothe's assailant. Boothe brought suit against Hausler to recover his medical expenses and exemplary damages. Hausler denied that he had assaulted Boothe and asserted that a companion, Ron Garland, had committed the assault. Based upon jury findings that Hausler had not assaulted Boothe, the trial court rendered judgment for Hausler.

The answers Hausler gave to Boothe's pre-trial interrogatories identified three persons as having knowledge of facts relevant to the suit. An address was given for only one, Charlene Quarles Hausler. Two of those identified, Ron Garland and his unidentified girlfriend, were listed as "whereabouts unknown." Boothe served Hausler's attorney with a notice of intention to depose Charlene Hausler shortly after her address was supplied. Although the subpoena for Ms. Hausler was not returned to the clerk's office, Boothe alleged that she could not be served.

Evidence in the record shows Hausler knew Boothe was seeking to depose Charlene Hausler. Dieter Hausler took no action to inform Boothe of the woman's whereabouts. At the hearing on Boothe's objection to Ms. Hausler's testimony, Dieter Hausler's attorney stated that he would have given Ms. Hausler's address to Boothe if he had been specifically asked to do so. This suggests that Dieter Hausler knew where Charlene Hausler was and failed to properly supplement his answers to interrogatories. Because Charlene Hausler was living with, and ultimately married to, Dieter Hausler, we infer that he had knowledge of her whereabouts.

■ Parties have an affirmative duty to supplement answers to discovery requests if an answer "is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading." Tex.R.Civ.P. 166b(6)(a). The sanction for failure to comply with this rule is exclusion of the evidence affected by the violation. Tex.R.Civ.P. 215(5); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986). An exception to this strict rule exists, however, when the party proffering such evidence establishes before the trial court that good cause exists for allowing the evidence. *E.g., Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394 (Tex.1989).

■ Hausler has made no such showing of good cause in this record. Hausler's attorney responded to Boothe's objection by arguing that his answers were correct when made and that Hausler had no duty to supplement the address of Charlene Hausler. Hausler's statement that denying him the opportunity to use Charlene Hausler's testimony would cause Hausler "great harm" is not sufficient to establish good cause for allowing her testimony.

■ Although it was error for the trial court to allow Ms. Hausler's testimony without a showing of good cause, we must now determine whether such error requires reversal. This requires an examination of the entire record. If the erroneously admitted evidence is merely cumulative or does not concern a material issue dispositive of the case, the error is harmless. *Gee*, 765 S.W.2d at 396. Only when the error "was reasonably calculated to cause and probably did cause rendition of an improper judgment" is a cause to be reversed. Tex.R.App.P. 81(b).

Nothing in the record of this case suggests the error was harmless. Charlene Hausler was the only non-party witness called by Hausler to dispute Boothe's allegations concerning the evening of the assault. Her testimony was not cumulative of other evidence presented by Hausler. The only real issue in the case is whether or not Hausler assaulted Boothe. Charlene Hausler's testimony that Dieter Hausler did not strike Boothe concerned a material issue dispositive of the case. Her testimony may have been crucial to the jury's determination that Hausler did not assault Boothe.

It is apparent from the facts of this case that the admission of Charlene Hausler's testimony constituted reversible error. She testified that she had been with Hausler the entire evening of the alleged assault and at no time did she see Hausler strike Boothe. Because of the importance of her testimony, its admission without a showing of good cause was erroneous.

Error having been committed by the trial court in admitting Charlene Hausler's testimony, we grant Boothe's application for writ of error. Because this case directly conflicts with our opinions in *Gee* and in *Morrow*, a majority of the court reverses the judgment of the court of appeals and, without hearing oral argument, remands

this cause to the trial court for a new trial. Tex.R.App.P. 133(b).