Jorge GONZALEZ, Appellant,

v.

John Kent STEVENSON, Individually and d/b/a John Stevenson Aircraft Supply, Appellee.

No. 13–89–049–CV.

Court of Appeals of Texas, Corpus Christi.

May 24, 1990.

R.W. Armstrong, Brownsville, for appellant.

Franklin T. Graham, Jr., Brownsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, Jorge Gonzalez, brought suit against appellee, John Kent Stevenson, individually, and d/b/a John Stevenson Aircraft Supply seeking the release of an aircraft on which appellee claimed a mechanic's lien, damages for breach of contract

and attorney's fees. Stevenson filed a cross-action seeking recovery for labor, materials and attorney's fees. The aircraft was subsequently released upon agreement of the parties. A jury denied appellant's claim and awarded appellee $4,187.53 for services performed and $4,000.00 for attorney's fees. We reverse the judgment of the trial court and remand for a new trial.

By two points of error, Gonzalez argues that the trial court erred in allowing Stevenson's witnesses to testify because he failed to respond to interrogatories which requested, inter alia, the identity of any persons with "knowledge of relevant facts" and the identity of all expert witnesses that may testify at trial. The court conducted a hearing and received evidence concerning whether Stevenson could present witness testimony in light of the failure to answer Gonzalez' interrogatories.

Gonzalez sent interrogatories to W. Michael Fisher, Stevenson's attorney of record at the time, by certified mail, return receipt requested.[1] The return, with postal cancellation, indicates delivery of the interrogatories to Fisher's business address on February 28, 1986, and that "CEC," an unidentified person, received them. The address on the return receipt was Fisher's when he represented Stevenson.

The trial court took judicial notice of the interrogatories which were filed with the court on February 27, 1986. They contained a certificate of service by Gonzalez' counsel certifying that the interrogatories were properly served upon Fisher at his correct address.

Stevenson's trial counsel, Franklin T. Graham, testified that *he* never received the interrogatories or had knowledge of them prior to the date of trial. At the conclusion of the hearing, the trial court ruled that Gonzalez had failed to meet his burden of proving proper service of the interrogatories.

■ Tex.R.Civ.P. 21a provides that service is proper when documents are served on the party, the party's agent or the party's attorney of record either in person or by registered mail addressed to his last known address. Additionally, the rule provides:

A written statement by an attorney of record ... showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the notice or document was not received....

Gonzalez' attorney executed a certificate of service in accordance with the requisites of Rule 21a. By his so doing, Gonzalez raised the presumption that service was proper. *Cliff v. Higgins*, 724 S.W.2d 778, 779 (Tex. 1987).

■ Stevenson contends that Graham's testimony that *he* did not receive the propounded interrogatories, overcame the presumption. We disagree. Franklin T. Graham was not the attorney of record when Gonzalez served the interrogatories. Graham testified that he had not received the interrogatories or notice of them before the date of trial. However, whether Graham received the interrogatories is not relevant to the issue of proper service; the issue before the trial court was whether Mr. Fisher, Gonzalez' counsel at the time, was served. There was no evidence to rebut the presumption of service on Fisher. Absent such evidence, appellant presented prima facie evidence of proper service. *Cliff*, 724 S.W.2d at 779. The trial judge erred in ruling the service of interrogatories was not proper and appellee need not answer them.

■ A party has an affirmative duty to identify witnesses with knowledge of relevant facts and expert witnesses in response to an appropriate inquiry. Tex.R.Civ.P. 166b(2)(d) & (e). The sanction for failing to respond to interrogatories is the automatic exclusion of the unidentified witnesses' testimony. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986); Tex.R.Civ.P. 215(5). However, if the trial court finds that the party had good cause for failing to answer the interrogatories, it may, in its

---

1. W. Michael Fisher withdrew as counsel of record for appellee on June 18, 1986. Franklin T. Graham was substituted as counsel of record for appellee on September 5, 1986.

discretion, admit the testimony. *Boothe v. Hausler*, 766 S.W.2d 788, 789 (Tex.1989); Tex.R.Civ.P. 215(5). The party offering the testimony has the burden of showing good cause for its failure to answer. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex.1989); *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.*, 701 S.W.2d 243, 246 (Tex.1985).

■ The trial court in this case did not reach the question of good cause because he found that appellant failed to prove proper service. We find that appellee did not show good cause for his failure to answer the interrogatories. Appellee's trial counsel stated that he neither received nor had knowledge of the interrogatories before the date of trial.[2] Stevenson called the same witnesses as Gonzalez with the exception of Bernard L. Hinman and trial counsel, Graham. Appellee argues that appellant had notice of Hinman because his deposition was taken by written questions before trial. Additionally, Graham opined that appellant's counsel was "hiding behind a log" by not having informed him of the unanswered interrogatories. Neither of these factors would support a finding of good cause. *Sharp v. Broadway Nat. Bank*, 784 S.W.2d 669, 671 (Tex.1990).

In *Sharp*, Sharp sent interrogatories requesting the names of any expert witnesses that would testify at trial. The Bank responded that none were designated at that time. The Bank never supplemented its answer. However, both parties deposed the expert, witness before trial. The court held that the fact that a witness' identity is known to all parties is not itself good cause not to disclose the identity of the anticipated witness. *Id.* The court reasoned that a party is entitled to prepare for trial assured that an unidentified witness will not testify. *Id.* Additionally, the Court stated that an opposing party is under no obligation to remind another party to abide by the Rules of Civil Procedure. *Id.* Thus, appellee's explanations do not show good cause for failing to respond to the propounded interrogatories.

■ Having determined that the trial court erred in admitting the witness' testimony, we must now determine whether that error is reversible. *See Boothe*, 766 S.W.2d at 789; *Gee*, 765 S.W.2d at 396–97; *Ramos v. Champlin Petroleum Co.*, 750 S.W.2d 873, 877–78 (Tex.App.—Corpus Christi 1988, writ denied). For the error to be reversible, we must find that the trial court's error was reasonably calculated to cause and probably did cause the rendition of an improper verdict. *Boothe*, 766 S.W.2d at 789; *Gee*, 765 S.W.2d at 396; *Ramos*, 750 S.W.2d at 877; Tex.R.App.P. 81(b)(1). When the evidence is cumulative and not controlling on a material issue dispositive of the case, it will not ordinarily be reversible error. *Gee*, 765 S.W.2d at 396. However, when a witness' testimony is not cumulative, pertains to a material issue, and directly corroborates a party's testimony, the error will be reversible. *See Boothe*, 766 S.W.2d at 789.

■ This case involved the sale and repairs of an airplane Gonzalez bought and Stevenson repaired. Stevenson did not disclose any witnesses but called four, three factual and one for attorney's fees. A material and central question in this case was whether the parties entered into a contract for Stevenson to repair the aircraft for $4,500.00 so it could be licensed. Hinman stated in his deposition which was admitted over objection at trial:

Q. While Mr. Kent Stevenson was in your presence, did you ever overhear Mr. Stevenson say to Mr. Gonzalez or to yourself any figure that it would cost to repair the aircraft and place it in a flyable condition, licensed condition?

A. I don't recall him making any absolute statement to that effect. There probably was some talk about money, but I don't recall anybody making any flat warranty statements on what would happen, or any guarantees or anything. Just estimates and guesstimates, that don't—boy, I tell you,

2. Appellee's counsel concedes that the interrogatories were filed with the trial court on February 27, 1986. Counsel avers that he did not check the file prior to the date of trial.

that's a tough one because *I don't think that Mr. Stevenson was trying under any set of circumstances to get a job of licensing that aircraft....* (emphasis added).

Hinman's testimony corroborates Stevenson's testimony that he only had offered to "do repairs" on the aircraft for $4,500.00. The testimony was not cumulative and concerned a material issue dispositive of the case. Thus, Hinman's testimony may have been crucial to the jury's determination that Stevenson did not agree to license the aircraft for $4,500.00.

■ Graham's expert testimony regarding attorney's fees was error. *See Sharp*, 784 S.W.2d at 671. The award of attorney's fees was based entirely on Graham's testimony which should not have been admitted, and when that testimony is excluded, the award cannot stand. *Id.* We sustain appellant's points of error and RE-VERSE AND REMAND the trial court's judgment.

UTTER, J., not participating.