**Gilberto A. GARZA, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 13–90–321–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

Rehearing Overruled Aug. 29, 1991.

David R. Weiner, Law Offices of Windle Turley, P.C., Dallas, Frank Herrera, Jr., San Antonio, for appellant.

B. Buck Pettitt, McAllen, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

OPINION

SEERDEN, Justice.

This is a workers' compensation case. A jury found that, as a result of his on-the-job injury, appellant suffered a total and permanent loss of the use of both feet at or above the ankle, that appellant would need future nursing services, and that the reasonable value of these services would be $80,000. The court entered judgment pursuant to the verdict, but disregarded the jury's finding concerning the future nursing services. On appeal, appellant complains that the court erred in disregarding this finding and in overruling his objection to the testimony of an undisclosed witness. We affirm the trial court's judgment.

This case was tried to a jury on two separate occasions. The first trial commenced on November 7, 1984. A new trial was granted on November 30, 1987, and this case was again tried on February 6, 1990. By his first point of error, appellant complains that the court erred in overruling his objection to the testimony of Humberto Castellanos, who testified concerning weekly benefits previously paid to appellant. Castellanos had testified in the first

trial but was not designated as a witness in interrogatories pursuant to the second trial. He was, however, identified to the jury panel. The trial court found that good cause existed to allow the testimony.

Castellanos, a claims representative for appellee, testified that appellee had paid medical expenses on behalf of appellant in the amount of $85,405.45 and that appellee had paid weekly compensation benefits in the amount of $43,242.77. The jury found that appellee had paid these amounts, and the trial court allowed appellee a credit in the judgment of $43,242.77.

■ A party has a duty to identify witnesses with knowledge of relevant facts in response to an appropriate inquiry, and has an affirmative duty to supplement responses to a discovery request not less than thirty days before trial to identify witness not previously disclosed. Tex.R.Civ.P. 166b(2)(d), Tex.R.Civ.P. 166b(6)(a)(2). The failure to do so results in the automatic sanction of exclusion of the witness' testimony. Tex.R.Civ.P. 215(5); *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986); *Gonzalez v. Stevenson*, 791 S.W.2d 250, 252 (Tex.App.—Corpus Christi 1990, no writ). If the trial court finds that the party offering the testimony, however, had good cause for failing to identify the witness, it may, in its discretion, admit the testimony. *See Gonzalez*, 791 S.W.2d at 252–53. The party offering the testimony has the burden of showing good cause failure to identify the witness and good cause must be shown in the record. Tex.R.Civ.P. 215.

■ In this case, appellant testified, prior to the testimony of Castellanos, that he had received workers' compensation benefits equal to total and permanent benefits, and the substance of the testimony had been stipulated to in the first trial of this case. Even if we were to find that no good cause existed for failure to designate Castellanos, we must also determine whether the testimony was cumulative of other testimony. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). In the instant case, the testimony of Castellanos was merely cumulative of Garza's. Thus,

even if there was error in allowing the testimony, it was harmless. Appellant's first point of error is overruled.

■ By his second point of error, appellant contends that the trial court erred in disregarding the jury's answer to its question concerning future nursing services and in failing to include, as part of the judgment, the amount found by the jury in response to that question. Trial testimony established that, as a result of his injury, Garza had become totally dependent on family members to perform tasks that he has formerly performed for himself, such as washing his clothes, cooking, and driving. He could no longer perform household chores such as mowing the lawn, washing his car, and painting his house. Appellant's treating physician testified that appellant needed nursing services in the future, and an economist testified that the present value of future nursing services was $1,086,300. The jury found that a reasonable value of the nursing services that appellant would need in the future was $80,000.

Tex.Rev.Civ.Stat.Ann. art. 8307 § 5 (Vernon 1967) (now repealed) states:

[n]o judgment of the Court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, *nursing,* chiropractic services, medicines or prosthetic appliances furnished to an employee under the circumstances creating a liability therefore on the part of the association under the provisions of this law, *shall include in such* award or *judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment.*

Appellant argues that the prohibition enunciated in the foregoing section applies only to *licensed* sources, relying on the rules of the Industrial Accident Board:

*Health provider*—Used in these board rules in a generic sense, having reference to *licensed practitioners* of medicine, osteopathic, chiropractic, and podiatry.

*Medical expenses*—Shall include health provider care by *licensed* medical doctors, osteopathic physicians, chiropractic physicians, and podiatrists, as well as hospital care, drugs and prescriptions, appliances, *nursing care ... rendered or provided by a licensed source.*

Industrial Accident Board Rules § 41.10 (emphasis added).

It has been held, however, that a spouse's services as a nurse are recoverable through the testimony of a qualified nurse or nursing home administrator concerning the value of such services. *See TEIA v. Choate,* 644 S.W.2d 112, 116 (Tex. App.—Amarillo 1983, no writ); *Rendon v. TEIA,* 599 S.W.2d 890, 895 (Tex.App.—Amarillo 1980, writ ref'd n.r.e.). Because these cases have allowed recovery for unlicensed nursing services of a spouse under Section 5, we find no rationale for taking unlicensed nursing services of family members outside of the statute to allow recovery for future services which otherwise would not be recoverable. Accordingly, we hold that the trial court was correct in disregarding the jury's answer to the question regarding future nursing services. Appellant's second point of error is overruled, and the judgment is affirmed.