CV4-191 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00191-CV







Annamarie Murphy, Guardian of the Estate of George Thomas Murphy,

an Incompetent Person, Appellant


v.



Gerine Teresa Uhrich and Dale Ivan Uhrich, Appellees







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 133,843-B, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 Annamarie Murphy, appellant, sued Gerine Teresa Uhrich and Dale Ivan Uhrich,
appellees, the owner-operators of a truck involved in a collision with an automobile in which
Murphy's ward, George Thomas Murphy, was a passenger. Before trial, the insurance company
that provided coverage for the automobile's driver, Trent Fontenot, settled with appellant for
$300,000.00. In answers to questions submitted in the court's charge, the jury found Trent
Fontenot negligent and completely responsible for the accident. The jury assessed damages at
$263,000.00. The jury attributed no negligence to appellees. From that judgment, Murphy
appeals. We will affirm the trial court's judgment.

 In three points of error, appellant complains that the trial court erred in: (1)
allowing two expert witnesses, Ted E. Herod and Diane Southern, to testify although the
interrogatories concerning them were not fully answered; (2) allowing Gerald Kaenzig to testify
as an expert when he had not been designated as an expert witness in response to interrogatories;
and (3) admitting evidence of George Murphy's disciplinary problems in high school before the
accident in violation of Rule 404 of the Texas Rules of Civil Evidence.

 The admission of evidence is largely within the trial court's discretion. Ginsberg
v. Fifth Court of Appeals, 686 S.W.2d 105, 107 (Tex. 1985); Tracy v. Annie's Attic, Inc., 840
S.W.2d 527, 531 (Tex. App.--Tyler 1992, writ denied). To determine whether the trial court
abused its discretion, we determine whether the court's actions were arbitrary, capricious, or
unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). To obtain reversal of a judgment based on error in the admission
or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that
the error was calculated to cause and probably did cause rendition of an improper judgment. 
Boothe v. Hausler, 766 S.W.2d 788, 789 (Tex. 1989); Tex. R. App. P. 81(b)(1).

 When answering interrogatories regarding expert witnesses, a party must provide
the substance of the testimony on which the party expects the expert to testify. Tex. R. Civ. P.
166b(6). Sufficient information regarding an expert's opinion must be provided to opposing
parties to allow them to prepare for cross-examination of the expert or to prepare a rebuttal of the
expert's testimony through the testimony of their own expert. See Exxon Corp. v. West Texas
Gathering Co., 868 S.W.2d 299, 304 (Tex. 1993). The court in Exxon reiterated that one of the
purposes in promulgating discovery and sanctions rules was to encourage full discovery of the
issues and facts before trial so that parties could make realistic assessments of their respective
positions. Id. at 305.



Testimony of Diane Southern and Ted E. Herod

 In point one, appellant complains that each witness' present employer was not
identified nor the substance of facts and opinions and grounds for each opinion detailed. 
Appellant contends, therefore, that their testimony should have been excluded. Tex. R. Civ. P.
215(5). The answer concerning Ms. Southern gave her address and phone number and identified
her as a professional long-haul truck driver. The answer said that Ms. Southern would give
expert testimony about the facts of the accident as well as the cause; she would also testify
concerning qualifications, training and licensing of truck drivers. (1) Ms. Southern testified that she
operated her own truck; i.e., that she was self-employed. She described her training as a truck
driver. Considering all of the circumstances surrounding the accident, she concluded that she
would have entered the highway in the same way as Ms. Uhrich did. All of her testimony is
within what was described in response to the interrogatory. Further, she was deposed before trial. 
It was not an abuse of discretion to allow her to testify.

 The answer concerning Mr. Herod gave an address and telephone number and
identified him as the self-employed owner of a trucking business. The answer stated that he had
personal experience as a truck driver and had hired, trained and supervised truck drivers for many
years. As a witness, Mr. Herod testified about his experience in learning to drive trucks, as a
trucker, and as the owner of a trucking business. He testified about the screening and review
process that his company used in hiring drivers. He also testified that, in his experience, owner-operators were safer drivers than employee drivers. His answer came in response to a question
that carefully limited Mr. Herod to testifying about his own experience, not general industry
opinions or practices.

 In Caterpillar, Inc. v. Shears, 881 S.W.2d 923, 929 (Tex. App.--Corpus Christi
1994, writ granted), the interrogatory answer designating a liability expert stated that the witness
would "discuss procedures utilized by Cipriano Shears and his fellow employees on the date of
the accident as well as the Caterpillar front-end loaders being used at the time of the accident." 
The appellants in that case argued that the subject matter of the expert's testimony had not been
adequately disclosed by this supplemental answer. The court stated that although the answer was
not a particularly detailed response, it was adequate to give notice of the subject of the testimony. 
Id. at 930. The court noted that the case had been on file for over four years at the time of trial
and there had been time to develop defenses to the pleaded causes of action. The court further
noted that the witness's deposition had been taken before trial. Id. The court found it was not
an abuse of discretion to allow the expert to testify. Id.

 Herod's interrogatory answer is not a model of completeness. Neither, however,
is it as vague as the answers given in Chapman v. Paul R. Wilson, Jr., D.D.S., Inc., 826 S.W.2d
214, 216 (Tex. App.--Austin 1993, writ denied). In that case, the designation of experts gave the
substance of the expert testimony as "findings can be found in the records, which has [sic] been
previously produced," and "findings have been previously produced." Id. The court found that
the answers were grossly inadequate and it was not an abuse of discretion to strike the expert
witnesses. Id.

 Appellees' answer should be considered in the context of the plaintiff's pleading
that Ms. Uhrich was "an incompetent and unfit driver" who was not properly trained. In context,
an answer that a designated witness was experienced in training truck drivers should have been
adequate to inform plaintiff of the substance of the testimony. Further, Mr. Herod was deposed
before trial. The trial court did not abuse its discretion in allowing Mr. Herod's testimony. We
overrule point of error one.



Gerald Kaenzig's Testimony

 In point two, Mr. Kaenzig was identified as a teacher and appellant's campus
placement coordinator who would testify concerning appellant's employment outlook. He was
not designated as an expert, and, as a result, much of his testimony was excluded on the basis that
it was expert opinion. The admitted evidence consisted of observations that George Murphy had
an "attitude problem," did not apply himself, was lazy, had a problem with respecting teachers
and got in trouble for fighting with other students. His testimony consisted of first-hand
observations that anyone in contact with George Murphy in a similar setting could have made. 
The court did not abuse its discretion in admitting Kaenzig's testimony. We overrule point of
error two.



Admission of School Records

 In point of error three, appellant complains that the trial court admitted George
Murphy's high school disciplinary records in violation of the rules prohibiting character evidence. 
Tex. R. Civ. Evid. 404. Rule 404 prohibits the use of evidence of a person's character or a trait
of his character for the purpose of proving that he acted in conformity with that character on a
specific occasion. Id. at 404(a). It also prohibits the use of evidence of other "wrongs or acts"
as evidence to prove the character of a person and to show that he acted in conformity with that
character. Id. at 404(b).

 It is difficult to see the applicability of Rule 404 to the objectionable material. The
evidence concerning Murphy's disciplinary problems in high school was not offered to prove he
acted in any particular way on any given occasion. For example, it was not used to show that,
as a careless person in general, he carelessly operated the automobile. In other words, the
character evidence was not offered as circumstantial proof of conduct on any particular occasion. 
See 1 Steven Goode, Olin Guy Wellborn, III, & M. Michael Sharlot, Guide to the Texas Rules
of Evidence: Civil and Criminal § 404.1 at 143-44 (Texas Practice 2d ed. 1993). In this case,
character is itself an issue. Id. at 143. The plaintiff's theory for recovery of damages was that
the accident caused personality changes and behavioral problems that clouded his future
employment prospects. The disputed evidence gives observations about his behavior in high
school to show that personality and behavioral problems existed before the accident. The trial
court did not abuse its discretion in allowing the school records to be admitted. We overrule point
of error three.

 We affirm the trial court's judgment.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 19, 1995

Do Not Publish

1.   In the pleadings, appellant asserted that Ms. Uhrich was an inexperienced,
poorly qualified driver who was not properly trained to operate the truck safely.