**In the ESTATE OF John A. WAITS, Jr., Deceased.**

No. 09–98–440CV.

Court of Appeals of Texas, Beaumont.

Submitted June 8, 1999.

Decided July 15, 1999.

**434**

Carnegie H. Mims, Jr., Houston, for appellant.

Bruce M. Partain, Julie Joffrion Dean, Wells, Peyton, Greenberg & Hunt, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This is a will contest suit concerning the Estate of John A. Waits, Jr., deceased. Pamela D. Small filed an application to probate a document purported to be Waits' last will and testament. The application was contested by Beatrice Eva Morgan, Peggy Cooper, Ronald Ray Waits, Sherre Strickland, Lea Jan Flick, Gary Owen Strickland and Lynn Arwin Strickland. The trial court denied the application for probate. Small presents three issues on appeal

In her second issue, Small complains the trial court abused its discretion in not allowing her or her witnesses to testify at trial. The record reflects Small did not list herself or her witnesses as persons with relevant knowledge in response to an interrogatory. The trial court therefore refused to allow her or her witnesses to testify in accordance with Tex.R. Civ. P. 215.5.[1]

Parties have an affirmative duty to supplement discovery answers, including supplementation necessary to supply addresses for individuals identified by a party as a fact witness in response to a discovery request. *Boothe v. Hausler*, 766 S.W.2d 788, 789 (Tex.1989). The sanction for failing to supplement a discovery response is automatic exclusion of the testimony of the witness for whom the supplemental information was not provided. *Id.* The only exception to this rule is where the trial court, in its discretion, determines the testimony should be allowed for good cause shown. *Id.* The trial court's determination as to whether good cause has been shown will only be set aside on appeal if the trial court abuses its discretion. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). In reviewing whether the trial court abused its discretion on appeal, it must be determined whether the trial court acted arbitrarily or unreasonably or without reference to any guiding rules or principles. *Aluminum Co. of America v. Bullock*, 870 S.W.2d 2, 3–4 (Tex.1994); *Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 243 (Tex.App.—San Antonio 1996, writ denied).

In *Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 91(Tex.1992), the supreme court stated that

... Rule 215(5) may permit testimony by a party who is an individual not listed in response to a Rule 166b(2)(d) interrogatory, when identity is certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings by

---

1.  **5. Failure to Respond to or Supplement Discovery.** A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowl- edge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record. Tex.R. Civ. P. 215.5. (Rule 215.5 has been renumbered since the date of this lawsuit and is now Tex.R. Civ. P. 193.6)

name and response to other discovery at least thirty (30) days in advance of trial.

The court found that where the answer to another interrogatory plainly indicated that the party-witness responding had knowledge of relevant facts, the trial court abused its discretion by failing to find "good cause" to permit that party's testimony. *Id.*

In this case, Pamela Small was not listed as a person with relevant knowledge in accordance with Tex.R. Civ. P. 166b(2)(d). However, Small did answer another interrogatory which indicates that she had knowledge of relevant facts. Interrogatory number 5 inquired as to whether Small had any knowledge of any admissions made by parties to the suit which might be relevant or lead to relevant evidence in the suit. Small provided a detailed answer. As in *Smith*, we find the trial court abused its discretion by failing to find "good cause" to permit Small's testimony. Smith's answer to Interrogatory number 5 indicated that she was a person having knowledge of relevant facts to the lawsuit. Small's second issue is sustained and the judgment of the trial court is reversed and remanded for a new trial. We need not address Small's other issues.

REVERSED AND REMANDED.