NO. 07-01-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 9, 2002



______________________________




MARION D. JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435,869; HONORABLE CECIL PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Upon a plea of not guilty, appellant Marion D. Jones was convicted by a jury of
assault on a public servant, enhanced, and the trial court assessed punishment at ten
years confinement. By a single issue, appellant contends the trial court erred by not
allowing evidence that one of the State's witnesses was on deferred adjudication
community supervision when he testified. By reply brief, the State candidly concedes error,
and acknowledges that under Maxwell v. State, 48 S.W.3d 196, 200 (Tex.Cr.App. 2001),
appellant should have been granted unlimited cross-examination of this witness. However,
it contends the error was harmless. Reviewing the record as required by Tex. R. App. P.
44.2(a), we conclude the judgment must be reversed.

 Appellant attempted to leave a Family Dollar store in Lubbock, Texas, without
purchasing any merchandise when she was stopped by the store manager on suspicion
of shoplifting. Appellant accompanied the manager to his office, where he called the
police. When the responding officer arrived he was unable to converse with the store
manager because of appellant's interruptions, profanity, and threats to sue the store. As
instructed by the officer, appellant sat down, but continued her profanity and interruptions. 
Because of safety concerns, the officer handcuffed appellant, at which time she began
slamming herself into a wall. The State contends that as the officer attempted to restrain
appellant, she kicked the officer on his legs several times.

 The responding officer, the store manager, and a former store employee were called
as witnesses by the State to prove the offense charged in the indictment. At the
conclusion of his direct examination, the prosecutor requested and was granted the
opportunity to examine the former store employee outside the jury's presence. On the
State's voir dire, the witness acknowledged he was on community supervision for an
offense, but stated he had not been promised anything in exchange for his testimony. 
Upon examination by appellant's counsel, the witness acknowledged he would be under
community supervision until September 2002. Appellant argued for the right to
cross-examine the witness in front of the jury on the status of his deferred adjudication in
order to show a potential motive, bias or interest to testify for the State. Notwithstanding
appellant's argument, the trial court announced

 With regard to the matter before the Court, the Court finds that [the witness]
has not been finally convicted of a felony in this cause, and will deny the
request to go into the deferred adjudication.


 And I'll allow you to carry a running objection to . . . those matters.


 Relying on Davis v. Alaska, 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d
347, 353 (1974), appellant argues the trial court's exclusion of evidence that a State's
witness was on deferred adjudication violated his right to cross-examine and confront the
witness. The erroneous denial of the right of confrontation of witnesses is "constitutional
error of the first magnitude and no amount of showing of want of prejudice [will] cure it." 
Parker v. State, 657 S.W.2d 137, 139 (Tex.Cr.App. 1983) (en banc). The State concedes
the limitation placed on appellant's cross-examination was error, but contends that under
Maxwell, it is subject to a harmless error analysis. The State agrees our review is
governed by Tex. R. App. P. 44.2(a) which provides we

 must reverse a judgment of conviction or punishment unless the court
determines beyond a reasonable doubt that the error did not contribute to the
conviction or punishment. 


 Under Tex R. App. P. 44.2(a) the State carries the burden to show beyond a
reasonable doubt that the error made no contribution to the verdict. Crosson v. State, 36
S.W.3d 642, 645 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (citing Williams v. State,
958 S.W.2d 186, 194 n.9 (Tex.Cr.App.1997); Merritt v. State, 982 S.W.2d 634, 636
(Tex.App.-Houston [1st Dist.] 1998, pet. ref'd, untimely filed). In our analysis of the error,
we consider five factors: (1) the importance of the witness's testimony in the prosecution
of the case; (2) whether the testimony was cumulative; (3) the presence or absence of
evidence corroborating or contradicting the testimony of the witness on material points; (4)
the extent of cross-examination otherwise permitted; and (5) the overall strength of the
prosecution's case. Shelby v. State, 819 S.W.2d 544, 547 (Tex.Cr.App.1991) (en banc).

 We commence our analysis by observing appellant was not charged with resisting
arrest under Tex. Pen. Code Ann. § 38.03 (Vernon Supp. 2002), and resisting arrest is not
a lesser included offense of assault on a public servant. See Tex. Pen. Code Ann. § 22.01
(Vernon Supp. 2002); see also Lofton v. State, 45 S.W.3d 649 (Tex.Cr.App. 2001). The
State called only three witnesses to establish the conduct of appellant, to-wit: (1) the
responding officer; (2) the store manager who initiated appellant's detention; and (3) the
former store employee who was subject to deferred adjudication community supervision.

Factors 2, 3, and 4


 Although the former store employee's testimony was (2) somewhat cumulative, (3)
other corroborating evidence existed, and (4) cross-examination of the witness was not
otherwise limited, these three factors do not completely control the issue or preclude 
further analysis.


Factors 1 and 5


 Our analysis of factors one and five requires us to consider the law included in the
court's charge: namely, that the jurors were the sole judges of the facts proved, credibility
of the witnesses, and weight to be given their testimony. Civil case law acknowledges that
testimony of a disinterested witness undoubtedly carries more weight over similar
testimony from an interested witness. See Tinkle v. Henderson, 777 S.W.2d 537, 539
(Tex.App.-Tyler 1989, writ denied). Although a civil assault case, in Boothe v. Hausler,
766 S.W.2d 788 (Tex. 1989), the Court held that as the only non-party not assaulted, a
witness was disinterested and therefore his testimony was dispositive on the material
issue. Here, the testimony and opportunity to unrestricted cross-examination takes on
considerably more importance because of the constitutional implications in this case not
presented in civil cases.

Importance of the Witness's Testimony To State


 Over one month before trial, appellant's counsel filed a motion requesting the State
list and furnish the criminal history of its witnesses. Notwithstanding appellant's request,
the State called the witness and contended that he was not subject to cross-examination
about his status on deferred adjudication because the prosecutor made no threats to
secure his testimony. From the State's vigorous protection of this witness from unlimited
cross-examination, we can infer the State considered his testimony to be important.

Overall Strength of State's Case 


 The officer did not require any medical attention, (1) and no "bodily injury" was visible. 
Further, the testimony of the officer and the store manager was enhanced by the limited 
testimony of the former store employee, ostensibly a disinterested witness. However, 
endeavoring to determine the strength of the State's case given unlimited cross-examination of the former store employee by defense counsel would require us to assume
the jury's role of determining the credibility and weight to be given witness testimony. 
Unlimited cross-examination would have revealed to the jury that the former store
employee was not completely disinterested, and he did in fact have a potential motive,
bias, or interest to testify for the State. Evaluating such potential motives or bias falls
within the exclusive province of the jury. Fowler v. State, 65 S.W.3d 116, 118
(Tex.App.-Amarillo 2001, no pet.).

 Similar to the court in Shelby, 819 S.W.2d at 551, our final step requires us to
determine, in light of the foregoing examination, whether the error was harmless beyond
a reasonable doubt, and whether the State met its burden of proof. The State argues in
the absence of any evidence the witness's probation status was in jeopardy, the damaging
impact of the excluded evidence was minimal, and the error harmless. The State's
contention that any impact of the excluded evidence was "minimal" suggests we are to
measure whether the harm was significant, or merely some harm. However, the rule
makes no such distinction. Moreover, this contention overlooks the rule that it is the
exclusive province of the jury to determine the credibility of the witnesses and the weight
to be given their testimony. Fowler, 5 S.W.3d at 118. Therefore, the jury should determine
whether testimony was influenced by inherent coercion or intimidation. In this case, the
jury was deprived of the opportunity to make such a determination because of the
limitations placed upon cross-examination of the former store employee. We cannot say
this testimony, inaccurately represented to the jury as disinterested witness testimony,
beyond a reasonable doubt did not contribute to the conviction.

 Considering the foregoing, and because the testimony was represented as being
from a disinterested witness, we accept the proposition that his testimony would normally
be accorded more credibility than the testimony of either the officer or the store manager. 
Therefore, we are unable to conclude the error was harmless beyond a reasonable doubt. 
Appellant's sole issue is sustained.

 Accordingly, the judgment of the trial court is reversed and the cause is remanded
for a new trial.


 Don H. Reavis

 Justice


Quinn, J., dissenting.



Publish.
1. Emergency Medical Service personnel provided an ice pack only.



um Grid 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00451-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
23, 2011

 



 

CLARENCE CERF, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF
POTTER COUNTY;

 

NO. 55,527-C; HONORABLE PATRICK PIRTLE, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

ORDER

On August 3, 2011, and in response to
counsels failure to respond to the Courts notice of late brief, we abated and
remanded the instant cause to the trial court for the purpose of conducting a
hearing to determine whether appellant desires to prosecute the appeal and
other findings related to counsels representation of appellant.  See Tex.
R. App. P. 38.8(b).  Prior to the
deadline given for the trial courts hearing, appellants counsel has filed in
this Court a motion for extension of time in which to file appellants
brief.  In this motion, counsel has
provided this Court with facts constituting a reasonable explanation for the
need for an extension of time in which to file appellants brief.  See Tex.
R. App. P. 10.5(b)(1)(C).  Counsel
has requested an extension to September 5, 2011.

            Finding
that counsels motion satisfies Rule 10.5s requirements and effectively serves
the purposes sought to be achieved by the trial courts hearing on remand, we
hereby vacate our order of August 3, 2011 in which we abated and remanded the
instant cause, reinstate the instant cause, and grant appellants motion for
extension of time in which to file appellants brief to September 6, 2011.

            IT
IS SO ORDERED.

 

                                                                                                Per
Curiam

 

Do
not publish.