In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-389 CV


____________________



THE STATE OF TEXAS, Appellant



V.



W. HUGH WEEKS, JR. and CYNTHIA O. WEEKS, Appellees






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 24,163






MEMORANDUM OPINION


 This appeal arises from a condemnation proceeding in which the State of Texas
sought to condemn land owned by Hugh and Cynthia Weeks. The jury returned a verdict
of $3,066 for the part taken, and $16,000 for damages to the remainder. The State brings
this appeal raising three issues.

 In its first issue, the State argues "[t]he trial court abused its discretion when it
admitted into evidence exhibits and testimony of non-comparable rental properties that had
not been produced in discovery." The record reflects the State objected to the admission
of Defense Exhibits 1-18 under Rule 193.6. See Tex. R. Civ. P. 193.6. "Absent a
showing of good cause, lack of unfair surprise, or lack of unfair prejudice, rule 193.6
mandates exclusion of the undisclosed material or information." National Family Care
Life Ins. Co. v. Fletcher, 57 S.W.3d 662, 675 (Tex. App.--Beaumont 2001, pet. denied). 
The trial court overruled the objections with no showing an exception was met. We
therefore agree the trial court erred in admitting the photographs. The State contends the
error was harmful in that it led to testimony on the market value of the land shown in the
photographs. However, the State does not refer this court to any place in the record where
it objected to that testimony. See Tex. R. App. P. 38.1(h). Thus any error in admitting
the testimony has not been preserved for our review. See Tex. R. App. P. 33.1(a). The
State does not contend, much less establish, that the admission of the photographs, in and
of themselves, probably caused the rendition of an improper judgment. See Tex. R. App.
P. 44.1(a)(1). Issue one is overruled.

 The State's second issue contends "[t]he trial court abused its discretion when it
allowed exhibits and testimony of non-comparable rental properties into evidence without
a showing that the properties were actually comparable to the subject property." The State
does not refer this court to any point in the record where it objected to the evidence on that
basis. See Tex. R. App. P. 38.1(h). Therefore nothing is presented for our review. See
Tex. R. App. P. 33.1(a). Issue two is overruled.

 In its final issue, the State claims "[t]here is no evidence to support the jury's
answer to Question No. 2, or in the alternative, the evidence is insufficient to support the
jury's answer to Jury Question No. 2 because the only evidence of market value offered
by Defendants was unreliable and/or cannot be given any weight because it is barred by
rules of law and evidence." Question No. 2 asked the jury to determine the difference,
if any, of the market value of the remainder of the land after the taking. In its brief, the
State notes there was testimony the damage done to the remainder was $21,909. The State
claims the evidence was inadmissable and therefore cannot support the verdict. The State
has not previously raised the admissibility of the landowner's testimony regarding the
property's rental value and makes no attempt to brief that argument within this issue. The
State again fails to identify where in the record an objection was made. See Tex. R. App.
P. 38.1(h). Once more, we find nothing is preserved for review on appeal. Tex. R. App.
P. 33.1(a). Because the State has premised its argument upon our finding the evidence
inadmissible, issue three is overruled. The judgment of the trial court is AFFIRMED.



 ______________________________

 DON BURGESS

 Justice


Submitted on March 24, 2004

Opinion Delivered April 22, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
DISSENTING OPINION



 The State asked Weeks, through interrogatories and requests to produce, if any
photographs existed which supported his claim. Weeks did not object. To the
interrogatory asking Weeks to identify and give the location of each photograph tending
to support any opinion on value or damages that may be used at trial, Weeks responded
"None." He produced none. The State filed a motion in limine, asking exclusion of
anything not timely produced in discovery. The trial judge denied the motion "in all
respects," and stated "[w]e will abide by the Rules of Evidence at the trial." 

 At trial, eighteen of the nineteen exhibits offered by Weeks, over the State's
objection, were photographs. The trial judge allowed the jury to hear testimony on all
eighteen photographs, none of which had been disclosed before Weeks offered them into
evidence before the jury. Some of the photographs were of Weeks' property. But half of
the photographs were of two other properties that Weeks relied on to support his testimony
concerning his damages claim. The trial judge erred in admitting into evidence these
photographs. The error goes to the heart of the case and requires reversal of the judgment. 
See Tex. R. Civ. P. 193.6. Because the majority affirms the trial court's judgment, I
respectfully dissent. 

 Ten of claimant's nineteen exhibits were photographs of the so-called "comparable
rentals"; according to Weeks, after a prior widening of the highway, the properties lost
rental value. When the photographs were offered, the State objected to their admission:

 Your Honor, we're going to object. These were not produced and pursuant
to Texas Rules of Civil Procedure 196.2. This is surprise and undue burden. 
I've never seen pictures of these properties nor heard of them before. 


The trial court overruled the objection without any inquiry as to why the photographs had
not been identified or produced in response to the discovery requests. A review of Weeks'
discovery responses shows no information was provided about these allegedly
"comparable" properties. 

 Rule 193.6 says that a party who fails to make, amend, or supplement a discovery
response in a timely manner may not introduce into evidence the material or information
that was not timely disclosed, unless the court finds there was good cause, or the failure
will not unfairly surprise or unfairly prejudice the other parties. As the majority notes, the
trial judge did not hear anything explaining the failure to produce, or anything that would
show a lack of unfair surprise or unfair prejudice. One of the purposes of Rule 193.6 is
to prevent trial by ambush. See Aetna Cas. & Sur. Co. v. Specia, 849 S.W.2d 805, 807
(Tex. 1993) (applying former Rule 215(5)); Alvarado v. Farah Mfg. Co., 830 S.W.2d 911,
914 (Tex. 1992) ("The salutary purpose of Rule 215(5) is to require complete responses
to discovery so as to promote responsible assessment of settlement and prevent trial by
ambush."). The trial court did not comply with Rule 193.6. The photographs of other
properties were offered to prove a material, disputed matter -- the worth of the Weeks'
property after widening of the highway. See generally Boothe v. Hausler, 766 S.W.2d
788, 789 (Tex. 1989) (Error in admitting evidence on dispositive issue required reversal.). 
The trial court's error in admitting the evidence was reasonably calculated to cause and
probably did cause the rendition of an improper judgment. See Alvarado, 830 S.W.2d at
917; see also Tex. R. App. P. 44.1(a). The judgment should be reversed and the case
remanded for a new trial. 

 Finally, I respectfully dissent from the majority's refusal to consider the State's
sufficiency of the evidence issue. The sufficiency point was presented to the trial court and
has been preserved for this Court's review. 

 I would hold a new trial is required.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Dissent Delivered

April 22, 2004