Ronald Lee FEE and Wife, Nancy Lee Fee, Individually and as Next Friends of Tracy John Fee, a Minor, Appellants,

v.

Joseph Milton HERNDON, Appellee.

No. A14–91–00625–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 17, 1992.

Gregory B. Enos, Texas City, for appellants.

Carla Cotropia, George W. Vie, III, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a take-nothing judgment in favor of appellee. Appellants sued claiming that the principal of their son's school, Mr. Herndon, had used negligent or excessive force in disciplining their son. The jury found no evidence of excessive or negligent force and a judgment was entered accordingly. In their sole point of error, appellants contend that the trial court erred in permitting the deposition testimony of a fact witness who had not been identified in response to interrogatories. We affirm.

Appellants' son was a special education student at Dunbar Middle School in the Dickinson Independent School District. Appellee was their son's school principal. In connection with their son's spanking, appellants sued appellee for violations of substantive due process, negligence, gross negligence, and excessive force. While all parties agree that Mr. Herndon decided to give Tracy Fee three swats on his behind, the manner in which it was administered is disputed. Specifically, while Mr. Herndon and Tracy's teacher Suzanne Lahr recall only a loud struggle, Tracy Fee describes a severe beating.

Appellants originally brought this case in state court. Mr. Herndon, Ms. Lahr, the Dickinson School District and its Board of Trustees were named as defendants. The case was later removed to federal court. While in federal court, the parties conducted depositions and exchanged written discovery. The federal court dismissed the civil rights claims against all defendants and remanded the state claim against appellee to state court. The Fifth Circuit Federal Court of Appeals affirmed and the U.S. Supreme Court denied writ. Trial was held in the state court and a jury found for appellees. It is the state judgment that is now on appeal.

■ Appellants appeal on a single point of error. They assert that the trial court erred in allowing the deposition testimony of their son's school teacher, Ms. Lahr. Appellants argue it was error to allow her testimony because Ms. Lahr had not been identified as a fact witness in response to interrogatories. This contention must be reviewed under an abuse of discretion standard. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex.1984).

■ While failure to identify a fact witness generally results in the exclusion of the unidentified person's testimony, this general rule is subject to an exception. TEX.R.CIV.P. 215(5); *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987). Where the offering party is able to show good cause for failing to supplement, the testimony will be allowed. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex.1990). Yet appellee was not required to show good cause because neither the rule nor the exception come into play. These do not come into play because even though she was not identified by name, Ms. Lahr was nevertheless designated.

■ In particular, in response to plaintiff's request for the identity of persons who had knowledge of relevant facts, defendant designated the parties generally. Indeed, the answer to interrogatory 1(a) stated defendant was "not aware of any persons having knowledge of relevant facts *other than the parties to this lawsuit.*" Appellee's designation of "parties" includ-

ed Ms. Lahr because she was a party both when the case went to federal court and when the interrogatories were answered. It is of no consequence that the claim against her had been dropped by the time the suit was remanded. The discovery was in connection with the federal civil rights lawsuit and no requests for witnesses had been made in state court. Thus, the trial court did not abuse its discretion in allowing Ms. Lahr's deposition testimony. Appellants' sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.