# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-08-00212-CV

**7-Eleven, Inc., Appellant**

**v.**

**Susan Combs, Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General of the State of Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-04-003369, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## CONCURRING & DISSENTING OPINION

I join the majority's opinion on rehearing in all respects but one. The State argued for the first time in its motion for rehearing that the software-development charges at issue in this case cannot be allocated because they represent the purchase of a single piece of tangible personal property. Because I would hold that the State waived this issue by raising it for the first time in its motion for rehearing on appeal, I respectfully dissent from the majority's opinion remanding the issue to the trial court for further proceedings. Based on the record and the issues that are properly before us in this appeal, I would deny the motion for rehearing and leave in place our initial opinion holding that 7-Eleven is entitled to a refund for sales-tax amounts assessed on its purchase of Canmax store software for resale and delivery to its franchise stores, plus penalties and interest assessed as authorized by the tax code.

The State's new argument regarding allocation was not raised in the administrative proceeding, the summary-judgment proceedings in district court, its appellate briefs, or oral argument before this Court. At no point during any of these stages of the litigation did the State argue that the software-development charges cannot be allocated, despite the fact that all of the parties' arguments were premised on the concept of allocation. It was not until after this Court issued its opinion that the State took the position that 7-Eleven's software-development charge should be characterized as "a *single* charge for a *single* license in the form of Golden Masters, not a price per copy." In support of this position, the State cites the Comptroller's "longstanding and consistent policy" that "the purchase of a single license for a computer program for a single set price, regardless of the right to make copies of the program, is the purchase of a single piece of tangible personal property." On that basis, the State contends that the total purchase price is subject to tax, regardless of the number of copies subsequently created. However, the State was conspicuously silent regarding this "longstanding and consistent policy" until the eleventh hour of this litigation.

Texas Rule of Civil Procedure 166a(c) provides that "[i]ssues not expressly presented to the trial court by written motion, *answer* or *other response* shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c) (emphasis added); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex. 1979) (holding that in summary-judgment context, non-movant must "expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal"). This rule was implemented in response to "criticism that a non-movant could 'lay behind the log' in the trial court and urge deficiencies for the first time on appeal." *Clear Creek*, 589 S.W.2d at 677.

Furthermore, a party to an appeal is not entitled to raise new issues for the first time in a motion for rehearing. *See E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987)

2

(per curiam) (op. on reh'g) (holding that where party made argument for first time in motion for rehearing in court of appeals, "error, if any, was waived"). "[T]he sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented. A motion for rehearing does not afford a litigant an opportunity to raise new issues, especially after the case has been briefed, argued, and decided on other grounds." *Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex. 1992) (Cornyn, J., concurring).

While the concern for establishing potentially confusing precedent in this case is understandable, this concern does not necessarily require a remand, as our holding could be expressly limited to the issues properly before us on appeal. Because I would not allow a party to start over in the trial court with a completely new legal theory after the case has been fully litigated and argued on appeal, I respectfully dissent from that portion of the majority opinion. I join the remainder of the opinion.[1]

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: April 22, 2010

_____

[1] I agree with the remand of the issue regarding software transferred to franchise stores, and further acknowledge that even if the motion for rehearing had not been granted, the State would not be precluded from arguing its new legal theory on remand in connection with software transferred to franchise stores. *See Hudson v. Wakefield*, 711 S.W.2d 628, 631 (Tex. 1986) (holding that if summary judgment is reversed and remanded, parties are not limited to theories asserted in original summary judgment at later trial on merits). I join in the remand of that issue only because, as we held in our original opinion, 7-Eleven has not shown on the current record that it was entitled to summary judgment. The new theory put forth by the State does not affect this holding.

3