PATRICK A. PIRTLE, Justice,
concurring and dissenting.
Pending before the Court is a motion for rehearing. By that motion Appellant, Ta-wona Sharmin Riles, complains about three separate issues relating to the assessment of costs: (1) $90 for sheriffs fees, (2) $10 fee for a subpoena purportedly issued 79 days after the date of the judgment, and (3) $4,185 for attorney’s fees (including $3,185 included for the first time in a Bill of Costs issued two weeks after the issuance of our original majority and dissenting opinions). The majority would deny the motion because it contends these “new issues” cannot be raised through a motion for rehearing. See Rogers v. Ardella Veigel Inter Vivos Trust No. 2, 162 S.W.3d 281, 291 (Tex.App.-Amarillo 2005, pet. denied) (opinion on rehearing). Agreeing with the majority that, under the facts of this case, new issues cannot be raised by way of a motion for rehearing, but remaining convinced the trial court erred by assessing any attorney’s fees in the first place, I concur in part and dissent in part.
Issues Relating to the Assessment of Sheriff’s Fees and a Subpoena Fee
Appellant argues she should be permitted to raise new “arguable issues” because this appeal originally started out as an Anders appeal. Appellant is mistaken. While this appeal may have started as an Anders appeal, it was abated for the purpose of allowing Appellant to present a merits appeal. By that appeal, Appellant presented a single issue asserting the trial court erred by ordering the reimbursement of court-appointed attorney’s fees without the requisite finding of an ability to pay. See Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App.2010). The majority overruled that issue, finding that Appellant forfeited those claims by not appealing the original order deferring an adjudication of guilt. See Riles v. State, 417 S.W.3d 606, 607, 2013 WL 5568716, at *1, 2013 Tex.App. LEXIS 12446, at *2 (Tex.App.-Amarillo Oct. 7, 2013, no pet. h.).
Now Appellant wants to raise new issues pertaining to the assessment of a $10 subpoena fee and $90 in sheriffs fees. Although Appellant asserts a newly issued Bill of Costs presents a new “twist” because it contains a breakdown of the sheriffs fee that did not appear in the original Bill of Costs, the fact of the matter is both disputed fees appeared on the original Bill of Costs, which was attached to and incorporated in the trial court’s judgment on appeal. As such, Appellant could have contested those fees in her merits brief. A party to an appeal is not entitled to raise new issues for the first time in a motion for rehearing. See E.F. Hutton & Co. v. Youngblood, 741 S.W.2d 363, 364 (Tex.1987) (per curiam) (op. on reh’g) (holding that, under the circumstances of that case, an argument made for the first time in a motion for rehearing was waived). “[T]he sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented. A motion for rehearing does not afford a litigant an opportunity to raise new issues, *614 especially after the case has been briefed, argued, and decided on other grounds.” Wentworth v. Meyer, 839 S.W.2d 766, 778 (Tex.1992) (Cornyn, J., concurring). Because Appellant did not raise an issue with respect to the assessment of the subpoena fee or sheriffs fees in her original merits brief, I concur with the majority in finding that those new issues cannot now be raised via her motion for rehearing.
Issue Relating to the Assessment of Attorney’s Fees
Appellant originally contended the trial court erred by ordering the reimbursement of court-appointed attorney’s fees without the requisite finding of an ability to pay. Now, by way of her motion for rehearing, Appellant contends the trial court erred by assessing an additional $3,185 in attorney’s fees in conjunction with her revocation hearing. Appellant contends she should not be barred from raising that issue because the $8,185 did not appear in the original Bill of Costs attached to the judgment.[1] I agree. Furthermore, the fact that the Bill of Costs was revised after the issuance of our original opinion only emphasizes the appropriateness of considering the issue on rehearing.[2] For the reasons stated in my original dissenting opinion, I again dissent from the decision of the majority to deny Appellant’s motion for rehearing on the issue of attorney’s fees. See Riles v. State, 417 S.W.3d at 609-13, 2013 WL 5568716, at *3-6, 2013 Tex.App. LEXIS 12446, at *9-18 (Tex.App.-Amarillo Oct. 7, 2013, no pet. h.) (Pirtle, J. dissenting).
Conclusion
Accordingly, I concur with the decision of the majority to deny a rehearing with respect to Appellant’s complaints concerning the subpoena fee and sheriffs fees, but I dissent as to the issue of attorney’s fees. Consistent with my dissenting opinion, I would grant Appellant’s motion for rehearing, correct the revised Bill of Costs, reform the judgment to add the following provision at page 2 beneath the heading “Furthermore, the following special findings or orders apply”:* “As used herein the term ‘court costs’ does not include court-appointed attorney’s fees;” and, as modified, I would affirm the judgment.

. The original Bill of Costs, dated August 24, 2012, and attached to the judgment dated August 23, 2012, states: "Attorney Fee(s)— Probation Revocation CCP 26.05 0.00.” The revised Bill of Costs, dated October 21, 2013, states: "Attorney Fee(s) — Probation Revocation CCP 26.05 3,185.00.”

. On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs. Tex.Code Crim. Proc. Ann. art. 103.008 (West 2006). (Emphasis added).